# Safe Deposit & Trust Company of Pittsburg *v.* Bovaird & Seyfang Manufacturing Company, Appellant.

*Deeds—Latent ambiguity—Evidence—Parol evidence.*

1. Where a person owns several lots on a street named First avenue, and by a deed conveys one of the lots "and also all the estate, right, title and claim of the party of the first part in and to the ground formerly occupied by First avenue, now vacated," and there is nothing in the deed to indicate conclusively that the grantor intended to convey only so much of the vacated street as abutted on the lot of ground particularly described and conveyed by the deed, it is error for the court in an action of ejectment to construe the deed as a matter of law so as to confine the grant to the portion of the street abutting on the lot conveyed. Such a deed involves a latent ambiguity to be explained by parol evidence, and to be passed upon by a jury.

2. In such a case the acts and declarations of the parties at and before making the deed are competent evidence to explain the conditions as they existed on the ground at the time, and to aid the jury in determining the extent or limitations of the grant; and evidence is admissible to show an intent to convey the whole street although the grantor in a later deed conveying a lot abutting on the same street included in the conveyance the portion of the vacated street abutting on such lot.

Argued May 4, 1910. Appeal, No. 184, Oct. T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 62, on verdict for plaintiffs in case of Safe Deposit & Trust Company of Pittsburg, Trustee under the will of William A. Nimick, deceased, Arthur O. Fording, Guardian of Eleanor H. Nimick, a minor, Ella H. Nimick et al. v. Bovaird & Seyfang Manu-

facturing Company.  Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Reversed.

Ejectment for land fronting on Ross street in the city of Pittsburg.  Before EVANS, J.

At the trial it appeared that Alexander Nimick by deed dated March 1, 1890, conveyed a lot of land abutting on First avenue to the defendant, "and also all the estate, right, title and claim of the party of the first part of in and to the ground formerly occupied by First Avenue, now vacated."  Subsequently the same grantor by a quit-claim deed granted another lot to W. A. Nimick, abutting on Ross street, and including within the description in the deed a portion of the vacated part of First avenue.

When Walter Bovaird was on the stand the following offer was made:

Counsel for defendant proposes to prove by the witness on the stand that he met, in February of 1890, Alexander Nimick, the grantor named in his deed dated March 1, 1890, to David Bovaird and John L. Seyfang, as a purchaser of this property described in this deed, the witness then representing his father, David Bovaird, and John L. Seyfang, as their agent and that the grantor, Alexander Nimick, went upon the property in question and described in this deed, showed it to the witness, walked with him over the portion of First avenue between Ross street and Try street, and pointed out the advantages that went with the property; that he proposed to sell his rights in the vacated portion of First avenue, being then the northerly half of First avenue, making this particular piece of property accessible to the railroad switch at Try street and to Ross street; that he represented himself to be the owner of the property between Second avenue and the vacated portion of First avenue, and that he had an interest or some title in the vacated portion of First avenue between Ross street and Try street; that he would not guarantee what it was, but that whatever it was he would sell it with the property;

and that the grantor knew at that time that the purchase of the property was being considered for a manufacturing site in which the use of First avenue was an absolute requisite and that later on the deed offered in this case was delivered to the witness and the purchase money therein paid as a conveyance of the property so offered and purchased, with the rights of Mr. Nimick, the grantor in this deed, as he represented.

Objected to as incompetent and irrelevant to any issue in this case. Objection sustained.

To which ruling counsel for defendant requests an exception. Exception. [7]

I further propose to prove by the witness that immediately after the purchase of this property and in the lifetime of Alexander Nimick, his father, the purchaser, with John L. Seyfang, the other purchaser, began the erection of the buildings now upon the property purchased by them, situate between Second avenue and the portion of First avenue vacated, with a blacksmith shop fronting on First avenue and a driveway fronting on the vacated portion of First avenue and a crane erected on the vacated portion of First avenue, and that the grantees, David Bovaird and John L. Seyfang, and the Bovaird & Seyfang Manufacturing Company have since the conveyance on March 1, 1890, by deed, continuously used the vacated portions of First avenue as a passageway or driveway for their teams and wagons, down to 1896, the period during which time this witness was a constant employee at the defendant's plant, to be followed by other testimony showing its use down to the present time.

The Court: That is, its use for a driveway?

Mr. Ritchey: Yes, its use as a driveway down to the present time; that is, the property in dispute.

The Court: There was no erection of any structure by the Bovaird-Seyfang Company on the property in dispute?

Mr. Ritchey: No.

Mr. Patterson: The offer is objected to as incompetent and not relevant to any issue raised in this case.

Objection sustained. To which ruling counsel for defendant requests an exception. Exception allowed. [8]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1) giving binding instructions for plaintiff; (5, 6) overruling certain questions addressed to Walter Bovaird, quoting the bill of exceptions, and (7, 8) overruling offers of evidence, quoting the bill of exceptions.

*J. L. Ritchey*, with him *S. G. Nolin*, for appellant.—Under the circumstances the declarations of the grantor and his conduct and the negotiations of the parties as set forth in the offer of the defendant are safe guides to the court and jury in identifying "the ground formerly occupied by First Avenue now vacated" that was intended to be conveyed by the words used, and in removing the ambiguity: Hetherington v. Clark, 30 Pa. 393; Sargent v. Adams, 69 Mass. 72; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108; Easton Power Co. v. Ry. Supply Co., 22 Pa. Superior Ct. 538; Ott v. Kreiter, 110 Pa. 370; Brownfield v. Brownfield, 12 Pa. 136; Chester Emery Co. v. Lucas, 112 Mass. 424; Woods v. Sawin, 70 Mass. 322.

*Patterson, Sterrett & Acheson*, with them *Springer H. Moore*, for appellees.—As a rule the intention of parties to a deed must be ascertained from the written expressions, and only in rare cases from testimony dehors the instrument: Fuller v. Weaver, 175 Pa. 182.

The evidence was not competent to affect the title of a third party, who had no knowledge whatever of any parol conversations, and who had bought his property upon the faith of, and only upon the faith of, the record title: Heilner v. Imbrie, 6 S. & R. 401; Scott v. Burton, 2 Ashmead, 312; Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92.

OPINION BY MR. JUSTICE ELKIN, October 17, 1910:

This is an action of ejectment in which is involved the

title to a small parcel of land located within the lines of a vacated street.  All parties claim title under Alexander Nimick as common grantor, but just what kind or character of title he held to the premises in dispute does not clearly appear.  All of the McKee and Nimick deeds relating to the vacated street indicate that the grantors were in doubt as to the title being absolute in them because they were only willing to execute quitclaim conveyances.  For the purposes of the present case it is not important to consider this underlying question of title because both parties rely upon grants from Alexander Nimick and stand upon whatever title he had.  The defendant company stands upon the title conveyed by deed from Alexander Nimick to David Bovaird and John L. Seyfang, dated March 1, 1890.  The deed in question conveyed a certain lot of ground particularly described by metes and bounds with certain streets as boundaries, about which title there is no dispute.  This particular grant is followed by a paragraph conveying all of the rights and privileges of the grantor in and to a three-foot alley, and then follows another clause out of which the present controversy arises, to wit: "And also all the estate, right, title and claim of the party of the first part of, in and to the ground formerly occupied by First Avenue, now vacated."  It is the contention of appellees, and this was the view of the learned court below, that the deed to Bovaird and Seyfang "conveyed only that part of the land formerly occupied by First Avenue which abutted and was appurtenant to the land conveyed in the general description."  This being the construction placed on the deed itself it was held there was nothing to be submitted for the determination of a jury.  Holding this view, the learned court below refused to allow the introduction of parol testimony to explain what ground was intended to be conveyed by the parties at the time of making the deed.  After very careful consideration we have concluded this was error.  If from the plain words of the deed it appeared that the grantor only intended to

convey the lot of ground particularly described together with such portion of the vacated street as abutted thereon or was appurtenant thereto, then and in that event it would be a question of construction for the court and not of fact for the jury. We are not convinced, however, that the plain words of the deed show such an intention or that the language used is so clear as to necessarily lead to this conclusion. Indeed, the plain words of the grant indicate an intention on the part of the grantor to convey all of his estate, right, title and claim in and to all the ground formerly occupied by the vacated street. This is what the language says and it is the natural import of the words used. It may be that the parties did not so intend, and inasmuch as the same grantor subsequently executed a quitclaim deed for a portion of the vacated street to another grantee it is a reasonable inference that he did not intend to part with his title to the whole of the vacated street by his first conveyance. But in his deed to Bovaird and Seyfang he did not limit his grant to any particular part of the vacated street, but used words broad enough to include all of it, although when explained by facts, circumstances and conditions on the ground at the time a jury might be warranted in fixing a more definite description of the premises intended to be conveyed. The grant is of the "grounds formerly occupied by First Avenue now vacated." This language naturally suggests the inquiry what ground was formerly occupied by that part of First avenue which was then vacated. There is nothing in the deed to supply the description, or to indicate the limitations of the grant. Did the grantor intend to convey his title to the whole of the vacated street or only a part of it? The deed furnishes no sufficient explanation. Certainly under these facts there arises what is known in law as a latent ambiguity which under all authorities may be explained by parol. In Lego v. Medley, 24 Am. St. Rep. 706, it was held that a latent ambiguity arises in the description of premises conveyed by deed when it is necessary to resort to sur-

rounding circumstances to determine the description intended. It was held in Breckinridge v. Duncan, 12 Am. Dec. 359, that when the intention of the parties is clearly expressed, but a doubt exists not as to the intention, but as to the object to which the intention applies, a latent ambiguity arises. All of the authorities agree that a latent ambiguity exists where on the face of the instrument there is no doubt or uncertainty, but by proof aliunde the language is shown to be alike applicable to two or more persons or objects. In Bell v. Martin, 18 N. J. Law, 167, it was said that there is a class of cases, partaking of the nature of both patent and latent ambiguities, as where the words of the grant are all sensible, and have a settled meaning, but at the same time consistently admit of two interpretations, according to the subject-matter in the contemplation of the parties. In our state it has been frequently held that when an ambiguity has been raised by parol, it may be explained by parol. As far back as Collins v. Rush, 7 S. & R. 146, it was held that while the construction of a written instrument is the exclusive province of the court, the description of land conveyed, its limits and contents are frequently mixed questions of law and fact. In Hoffman v. Danner, 14 Pa. 25, this court held that where from the generality of the terms used in a deed, or from uncertainty of description, a doubt is raised as to the boundaries, or the position or limits of the land sold, evidence aliunde may be resorted to for the purpose of aiding a jury to determine what land was intended to be included in the grant. In Hetherington v. Clark, 30 Pa. 393, it was held that where a party conveyed a particular tract of land to one who neglected to record his deed, and subsequently conveyed to another party by a general indefinite description, all the lands belonging to him in the same place, and the last deed was recorded, a latent ambiguity arose which might be explained by parol in order that a jury could determine whether the land described in the first deed was intended to pass by the second. In Lycoming Mut. Ins. Co. v.

Sailer, 67 Pa. 108, Mr. Justice SHARSWOOD, pointed out the distinction between the character of evidence necessary to reform an instrument on the ground of accident, fraud or mistake, and the weight of evidence introduced for the purpose of explaining a latent ambiguity. The Massachusetts cases recognize the same rule. In Sargent v. Adams, 69 Mass. 72, it was held that where by reason of the general description in a written instrument the language used may apply to two distinct objects, a latent ambiguity arises which may be explained by parol. The books are full of authorities to the same general effect, but enough have been cited to warrant its application under the facts of the present case.

It is contended for appellees that the declarations or parol statements made by Alexander Nimick to Bovaird and Seyfang at or before the making of the deed, could have no effect in reforming that deed or in extending the subject-matter covered by it as against W. A. Nimick, a subsequent grantee, without evidence that he had knowledge of the declarations prior to his purchase. In answer it may be said that the offer was not made for the purpose of reforming the deed by extending the subject-matter of the grant, but was intended to explain the latent ambiguity arising out of the generality of the description. As was pointed out in Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108, there is a clear distinction between the two classes of cases. A latent ambiguity is determined by the weight of the evidence and as a rule is for the jury. It may be conceded that the rights of W. A. Nimick, a subsequent grantee, could not ordinarily be affected by the declarations of third parties of which he had no knowledge, but when he took a quitclaim deed for the premises in dispute, there was a deed on record to Bovaird and Seyfang conveying all of the estate, right, title, interest and claim of the common grantor in and to the vacated street to them. He had constructive notice at least of the former grant and took his title subject to whatever rights the first grantees had in the premises. If Alex-

ander Nimick had conveyed all of his title to the land in the vacated street to Bovaird and Seyfang in 1890, he had no title to convey to W. A. Nimick in 1891. The description in the first deed is general and indefinite and we think under the authority of Brownfield v. Brownfield, 12 Pa. 136, and Ott v. Kreiter, 110 Pa. 370, the acts and declarations of the parties at the time of and before making the deed are competent evidence to explain the conditions as they existed on the ground at the time and to aid a jury in determining the extent or limitations of the grant. It is further argued that even when declarations or statements are admissible to explain a latent ambiguity, they must be contemporaneous with the making of the instrument, or so closely related as to be practically connected with its execution. This may be conceded as a correct statement of the general rule applicable in such cases, but it does not mean that the declarations or statements must be made at the exact time when all the parties come together to execute and deliver the deed. It is sufficient if they were made while negotiating for the sale and purchase of the land and formed part of the transaction which resulted in the executed agreement of the parties. The offers of the rejected testimony came reasonably within this general rule. When the case is again tried it will be necessary for the appellant to show that the statements relied on were made during the negotiations which resulted in the execution of the deed, also that they were made to the purchasers or their representative. The rejected offers were broad enough to cover these requirements and we can see no sufficient reason why the testimony in support of the offers should have been rejected. Again, without reference to any specific declarations or parol statements, it is competent to show that the parties or their representatives went upon the premises while the negotiations were pending, walked over the ground, and that the common grantor pointed out the boundaries of the vacated street which he proposed to convey. This for the purpose of explaining the

intention of the parties and to aid a jury in determining the limits of the land intended to be included in the conveyance.

An important question to all parties concerned has not been raised by this record, and inasmuch as the case is to be sent back for a new trial we feel that attention should be directed to it. The land in dispute is part of a street dedicated to public use by a private owner on the original O'Hara plan of lots. Each abutting owner acquired an easement in the street thus dedicated to public use regardless of who owned the fee simple title to the bed of the street. The part of the street in dispute although vacated by the city has not been closed and, as we understand the facts presented by this record the abutting owners have always used it for street purposes. If the abutting owners still have the right to enjoy this important easement the question of who owns the fee simple title is not very material so long as the easement remains undisturbed. However, this question is not now before us, and we do not undertake to pass finally upon it.

The first, fifth, sixth, seventh and eighth assignments of error are sustained.

Judgment reversed and a venire facias de novo awarded.