# Safe Deposit & Trust Company of Pittsburgh, Trustee, Etc., *v.* Bovaird & Seyfang Mfg. Co., Appellant.

*Deeds—Latent ambiguity—Parol evidence—Court and jury.*

In an action of ejectment to recover possession of a portion of a vacated street expressly conveyed to the plaintiff in a deed of an abutting lot, it appeared that the defendant claimed title to the entire bed of the vacated street by a prior deed from the same grantor expressly conveying to the defendant another lot fronting on the vacated street "and also all the estate, right, title and claim of the party of the first part in and to the ground formerly occupied" by said vacated street, and there was parol evidence of declarations or statements made by the grantor to the defendants or their respresentative while the negotiations were pending as to the land to be included in the grant, tending to show an intention to convey the entire bed of the vacated street for use in connection with the defendants' manufacturing business. *Held,* that the case was for the jury and that it was error to give binding instructions for the plaintiff.

Argued Oct. 28, 1912. Appeal, No. 42, Oct. T., 1912, by defendant, from order of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 62, discharging motions for new trial and judgment n. o. v., in the case of Safe Deposit & Trust Company of Pittsburgh, Trustee under the Will of William A. Nimick, deceased, Arthur O. Fording, Guardian of Eleanor H. Nimick, a minor, Ella H. Nimick, Harriet Nimick Dyer and Mary K. Nimick v. Bovaird & Seyfang Manufacturing Company, a corporation. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Ejectment for land fronting on Ross street in the City of Pittsburgh. Before KENNEDY, P. J.

From the record it appeared that Alexander Nimick by deed dated March 1, 1890, conveyed a lot of ground abutting on First avenue in the City of Pittsburgh, to

defendant "and also all the estate, right, title and claim of the party of the first part of, in and to the ground formerly occupied by First avenue, now vacated." There were a number of other lots abutting on First avenue then belonging to the grantor; one of these he subsequently conveyed to W. A. Nimick, and included in the description the portion of the vacated part of First avenue, title to which was at issue in this proceeding.   At the first trial of the case evidence was offered by defendant of acts and declarations of the parties, and particularly of the grantor prior to the date of the deed, and during the negotiations between the parties, to show that there was an intention to convey the entire vacated portion of the street fronting on land owned by the grantor, which evidence was excluded.   On appeal the decision was reversed and a new trial ordered, on the ground that such testimony should have been admitted.   (See Safe Deposit & Trust Company v. Bovaird & Seyfang Mfg. Co., 229 Pa. 295.)   On the second trial of the case, the evidence previously excluded was admitted, but the lower court instructed the jury to find a verdict for the plaintiff on the ground that it was insufficient to sustain a verdict for the defendant.

KENNEDY, P. J., in discharging motions for new trial and judgment n. o. v. filed an opinion which was in part as follows:

·  Upon the last trial of the case counsel were allowed to offer any testimony bearing upon the question as stated in the former proposal of the counsel for the defendant, a wide latitude being permitted to them to show what negotiations occurred between the parties prior to the consummation of the sale and delivery of the deed in question, and upon this question the court is of opinion that the testimony on behalf of the defendants did not in any wise tend to prove that the grantor intended to convey anything except "that part of the land formerly occupied by First avenue which

abutted and was appurtenant to the land conveyed in the general description."

It seems from the testimony offered that Walter Bovaird, a son of one of the purchasers, and, as he stated, representing his father and the other purchaser at the time as agent, had an interview with Alexander Nimick, the grantor, and that he went upon the property in question with him, and Mr. Nimick then showed him over the property and pointed out to him what he then owned, including the property now in dispute, but in that interview, which was long before the sale was consummated, there were no negotiations for a sale, Mr. Nimick merely pointing out what he owned at that time, and there was not even a price named for the property, Mr. Nimick referring the witness to his agent, Mr. Herron, for negotiations as to terms and prices, etc. This was a very considerable time before the sale was consummated, and there was no further interview between Mr. Nimick and the defendants, or their representative, and all the dealings afterward were between the witness, Walter Bovaird, and Mr. Herron, as the agent for Mr. Nimick, and who at the time of the consummation of the sale drew up the agreement in writing which was offered in evidence at the former trial and at the present one. He was also a witness on this trial, and he was very clear that the words of the agreement expressed precisely what was intended to be conveyed, and Mr. Bovaird himself, the only witness offered as to what had occurred previous to the consummation of the sale, testified that the agreement represented fairly what was the subject of negotiation between him, on behalf of Bovaird & Seyfang, and Mr. Herron, agent for Mr. Nimick, the grantor, saying further, when asked the plain question as to whether the agreement of February 21, 1890, shown witness, fairly represented the conversation between him and Mr. Herron as to the subject of this sale, "I think it does," and from the time the agreement was concluded, and the price agreed upon,

the witness said he had never met Alexander Nimick. So that at the conversation between Mr. Nimick and this witness, which occurred some time before the agreement was made, there were actually no negotiations for a sale, the only negotiations which resulted in the sale occurring between the witness, Mr. Bovaird, and Mr. Herron, the agent for Mr. Nimick, and both of these witnesses testify in substance that the agreement properly represented what was the subject of negotiation for the sale.

In that we find no mention of the piece of property in dispute in this case, and we have no hesitation in saying that the testimony offered by the defendants does not establish the proposition made by defendants' counsel in the offer which was made by defendants, and named by the Supreme Court. In the conversation referred to as occurring between the grantor, Nimick, and the witness, as agent for the grantees, there were no negotiations for a sale, and even if they had been considered such, they were merged in the agreement and in the negotiations which occurred at the time of the execution of the agreement, and the witnesses state specifically that the agreement fairly represents what was the subject of conversation and negotiation for sale.

The court subsequently entered judgment on the verdict. Defendant appealed.

*Error assigned* was the action of the court in directing a verdict for the plaintiff, and overruling defendant's motions for a new trial and judgment n. o. v.

*J. L. Ritchey,* with him *W. A. Challener, Rody P. Marshall* and *S. G. Nolin,* for appellant.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

This case was so fully considered when it was here before that it is only necessary now to refer to the opinion then written for an expression of the views of this court upon all the material questions involved in the present controversy: Safe Deposit & Trust Company v. Bovaird and Seyfang Mfg. Co., 229 Pa. 295. We had some doubt then as to whether judgment for the defendant non obstante veredicto should not have been entered upon the whole record, but that doubt was resolved in favor of plaintiffs, and a venire facias de novo was awarded. We then thought, and are of the same opinion still, having due regard to the law, the most favorable view to be taken of the contentions of plaintiffs, is that under all the facts and circumstances the case was for the jury. It was so determined then and nothing in the present record warrants a different conclusion now. Indeed, in the light of the parol testimony which was properly introduced at the second trial, defendant presents a much stronger case. In the former case it was held that declarations or statements made by the grantor to the purchasers or their representative while the negotiations were pending as to the land to be included in the grant were properly admissible in evidence. In view of what was then decided as to this question it is perfectly clear that the testimony of Walter Bovaird was properly admitted, and that the effect of it was for the jury. The acts and declarations of Alexander Nimick testified to by this witness, formed part of the transaction that resulted in the purchase of the property and the execution and delivery of the deed to the purchaser. It strengthened the case of the defendant and could be considered by the jury in determining what land was intended to be included in the grant. It is argued now, as it was before, that it is the province of the court to construe written instruments, and of course it must be conceded that this is the general rule. But this question was fully considered

when the case was here before, and all that was said then by this court is applicable now. We cannot agree with the view expressed by the learned court below in discharging the rule for judgment non obstante, and in refusing a new trial. Directing a verdict for plaintiffs was clear error. It will serve no useful purpose to prolong this discussion.

Judgment reversed and a venire facias de novo awarded.