Argued November 15, 1949.
This is an appeal by certain owners of land contiguous to a portion of an unnamed alley from the decree of the court below restraining them from interfering with the lawful use of said alley by appellees, other owners of land over which the remaining portion of the alley in question exists, and requiring them, appellants, to remove obstructions which they had placed across said alley.
Buckeye Coal Company, prior to 1917, purchased several large tracts of undeveloped land situate in Cumberland Township, Greene County, and in 1923, constructed houses thereon which were leased to employes of the company. The town thus created was named Nemacolin. The alley in question, approximately 250 feet in length, was laid out by the company in 1923 and *Page 376 
has been used continuously since that time. The route of the alley was from Dewey Lane to Grant Lane, crossing lots 351, 352, 353, 354, 345, 346, 347. It has been surfaced with "red dog" for many years.
The company entered into an agreement in 1946 with Richard L. Baily whereby it agreed to sell the said town of Nemacolin to him, and he in turn was to reconvey the lots and houses erected thereon to the employe-tenants then occupying the respective houses. The deed from the company to Baily was dated November 29, 1946, and contained the following clause: "This conveyance is made subject to any highway, telephone line or other easement now in effect upon said described ten tracts or parcels of land." Thereafter, Baily, by deeds dated December 2, 1946, and recorded the same day, conveyed lot No. 352 to Emil Paci and Helen T., his wife, appellees; lot No. 353 to Harry L. Davis and Gertrude H., his wife, appellees; lot No. 354 to Walter Pavlak and Mary I., his wife, appellees; lot No. 347 to Forrest W. Shipley and Daisy W., his wife, appellants; and lot No. 346 to Joseph W. Petratus, appellant. Anthony Petratus and Laura, his wife, appellants, are the parents of Joseph W. Petratus and reside with him. Each of the aforesaid deeds contained the following clause: "Subject to and under the exceptions, reservations and conditions contained in the deed from Buckeye Coal Company to the said Richard L. Baily, also under and subject to all existing roads, streets, alleys, rights of way, pipe lines, electric lines and telephone poles, water and sewage lines now on said premises."
Appellants, in May, 1947, effectively obstructed the use of the alley, precipitating this litigation, at two points: (1) where the alley crossed the boundary lines between lot No. 346 and lot No. 354 by the erection of a wooden fence across the alley, (2) and by the erection of iron posts across the alley where the alley intersected Grant Lane. They contend that the alley was not *Page 377 
shown upon a plan of lots in question duly recorded by Baily; that the alley as laid out was at a different location from that claimed by appellees. They further argue that, (1) the alley is not shown to have been dedicated to public use and is, therefore, not a public way; (2) Baily, being owner of the entire tract, had a right to relocate the ways existing upon the land at the time of his acquisition, and exercised such right when he filed of record a plot of the entire town; and (3) said recorded plot could not be altered or changed without consultation of those parties having an interest in the land affected thereby.
The foregoing contentions do not present a fair appraisal of the basic issues involved in this appeal. It is unnecessary to determine the effect, if any, of the recorded plan. It is conceded the recorded plan erroneously designated the location of the alley. The evidence adduced permits no conclusion other than that appellees had a right to use the alley in question and that this right existed by reason of recognition thereof in the Baily deeds. The decree will therefore be affirmed.
"It is settled law in Pennsylvania that an owner of land may arrange it as he pleases, doing no injury to others, and that any ways or other privileges which he may provide for the necessary or convenient use of the different parts of the land, or of structures on it, will remain as servitudes upon the parts subjected to them by him, in the hands of subsequent purchasers with notice, or when the easements are continuous and apparent. The easements thus created, being for the specific use of the lands for which they were provided, become appurtenances of those dominant estates, and require no deed or writing to support them; they pass by a conveyance of the estates to which they are appurtenant": Held v. McBride, 3 Pa. Super. 155,158; Ozehoski v. Scranton Spring Brook WaterService Co., 157 Pa. Super. 437, 43 A.2d 601. "It needs no citation of *Page 378 
authority to show that such a right of way, appendant or annexed to an estate, may be used and enjoyed by those who own or lawfully occupy any part of the dominant tenement for any purpose to which it may from time to time be legitimately applied. Only those who may be properly regarded as trespassers on the dominant tenement can be excluded": Gunsonv. Healy, 100 Pa. 42, 46, 47.
At the time of the agreements between Baily and the present litigants for the sale of their respective properties there was a right of way or alley across their lands. The agreements did not designate the location of the right of way or alley then in use for it was plainly visible and known to the parties. Equity will consider the parties contemplated the continued use of the alley as visibly used and known at the time of the agreement. Appellants were not misled.
Decree affirmed, appellants to pay the costs.