Covert Appeal.

Argued October 2, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*James P. Bryan,* with him *Bryan, Joslin and Bryan,* for appellants.

*Robert H. Chase,* with him *Gabriel A. Bifulco,* and *Chase, Hanes, Bifulco & Mangan,* for appellees.

OPINION BY MR. JUSTICE KEIM, November 28, 1962:

This appeal originates from an eminent domain proceedings. The lower court decided that the sellers of the subject property rather than the buyers were entitled to the damages. The buyers have appealed to this Court.

For sometime prior to the 28th day of June, 1956, John Rychick and Rita Rychick, his wife (the appellees) were the owners of a 46½ acre parcel of land in Erie County. This farm was used to grow grapes, peaches, cherries and other type of fruit. Just prior to the aforesaid date, John Rychick and his wife (the appellees) began negotiations with W. R. Covert and Velma M. Covert, his wife, (the appellants) for the sale of this farm. These negotiations finally ripened into a conveyance on the above mentioned date, June 28, 1956, and also germinated the seed which developed into this appeal.

For the sake of a better understanding of this opinion we will hereinafter refer to the Rychicks (appellees) as the sellers and hereinafter refer to the Coverts (appellants) as the buyers.

The entire legal difficulty in this case stems from the interpretation and application of the following clause which was contained in the aforementioned deed: "Also excepting and reserving any and all damages arising from any and all lands appropriated with-

in the right of way by the Commonwealth of Pennsylvania and/or its agents for the construction of a four lane super highway of an approximate width of two hundred feet (200) ; it being hereby agreed and understood that in the event construction of said highway shall not be commenced within two (2) years from the date hereof, this exception and reservation shall become null and void and of no effect."

It is an undisputed fact that for some time prior to the conveyance there existed on this farm certain survey stakes which designated the probable location of a new thruway or turnpike. It was also established that a new thruway was eventually constructed at this designated location.

The difficulty arises from the fact that construction of the highway commenced within the designated two year period, however actual construction of the highway on the subject property was not commenced until after the two year period.

Because of these chronological happenings the appellants (buyers) contend that the "exception and reservation" in question is ineffective since actual construction of the highway *on the land in question* did not occur within two years from the date of the conveyance. The appellees (sellers) contend that the "exception and reservation" contained in the deed was effective because construction did start on the *highway* within a period of two years from the date of the conveyance.

This litigation originated when the buyers petitioned for a board of viewers to determine damages resulting from the Commonwealth's condemnation and appropriation. The sellers thereupon filed an answer to the petition alleging that the buyers were not entitled to the damages by reason of the aforementioned "exception and reservation" and thereupon filed their own petition for a board of viewers to determine the

damages in their behalf. An answer to the latter petition was filed by the buyers and the court of quarter sessions, pursuant to the case of *Powell Appeal,* 385 Pa. 467, 123 A. 2d 650 (1956), appointed a board of viewers to determine, in limine, the proper recipients of any damage resulting from the condemnation and appropriation. The viewers held a hearing and took testimony to determine the intention of the parties at the time they inserted the above quoted "exception and reservation" in the deed.

The viewers accepted the buyers' position and declared them to be entitled to any consequential damages. To this determination the sellers filed exceptions and after argument before the court en banc, the court reversed the findings of the viewers and accepted the contention of the sellers. This appeal followed.

To properly determine the intent expressed by the "exception and reservation" let us first look at the conditional provision of the said "exception and reservation" namely; ". . . in the event construction of said highway shall not be commenced within two (2) years from date hereof, this exception and reservation shall become null and void and of no effect." An unquestionable conclusion that can be derived from the above quoted conditional provision as related to the entire "exception and reservation" and the entire deed is that if construction of "said highway" (the actual words used in the deed) is commenced on or before June 28, 1958 the sellers would be entitled to damages. The remaining key to this entire solution is a proper interpretation of the words "said highway". The very "exception and reservation" itself provides the following reference for the term "said highway": a four lane super highway of an approximate width of 200 feet; this highway is to be constructed on lands appropriated by the Commonwealth of Pennsylvania. It appears obvious that the "exception and reserva-

tion" contains no words of limitation which make reference to a particular part of the highway. The lower court in its opinion has provided a rational interpretation of the "exception and reservation" by the following paragraph of its opinion: "Rearranging the important words used in the reservation clause for purposes of clarity, we conclude that the intent of the parties is expressed as follows: If the Commonwealth of Pennsylvania within two years commences the construction of a four lane super highway approximately 200 feet in width which will require the appropriation of part of this property, we (sellers) reserve the right to the resulting damages. If the construction of such a super highway is not commenced within two years from the date of this deed, then we are not entitled to any damages."

During the negotiations of the sale of this property certain agreements were prepared. These agreements establish that the term "said highway" as contained in the deed refers to a "State Turnpike". The agreement also establishes the intent to reserve the damages resulting from the construction of this state turnpike to the sellers. We must remember that the construction of this highway was not a mere conjecture since the stakes establishing its location were placed in the ground before the conveyance and it was common knowledge throughout this area that such a highway was to be constructed.

It is a well established rule of law that in the construction of deeds we are to consider the meaning of the words (without inserting additional words of limitation) rather than what the parties may have intended. The language of the "exception and reservation" is clear and unambiguous. This rule of interpretation was re-emphasized in the case of *Yuscavage v. Hamlin,* 391 Pa. 13, 16, 137 A. 2d 242 (1958), wherein the Supreme Court in a per curiam opinion stated

the following: "As we recently pointed out in Brookbank v. Benedum-Trees Oil Co., 389 Pa. 151, 157, 131 A. 2d 103, certain rules are applicable in the construction of deeds. Among such rules are those providing: (1) that the nature and quantity of the interest conveyed must be ascertained from the instrument itself and cannot be orally shown in the absence of fraud, accident or mistake and *we seek to ascertain not what the parties may have intended by the language but what is the meaning of the words; . . .*" (emphasis supplied)

We are in complete accord with the lower court's determination that the "exception and reservation", herein at issue, is clear and unequivocal.

Assuming for the purposes of argument only, that the intent of the parties as expressed in the reservation was ambiguous and testimony taken before the viewers was necessary we arrive at the same conclusion. The undisputed evidence of the sellers establishes that the sale price of the farm reflected and took into consideration the damage which this farm would sustain by reason of the highway coming through the property. The undisputed testimony of the sellers establishes that the value of the farm was approximately $33,000 and was sold for $13,000, plus the right to remove the 1956 crop (valued at $7,000). The buyers purchased the farm at a reduced value because of the forthcoming condemnation and the construction damages to be sustained by this particular property. Now they seek payment from the Commonwealth for the same damage which was subtracted from their original purchase price.

Another important factor is that the two year limitation was inserted to eliminate a cloud on the title in case the Commonwealth for any reason would elect not to construct the highway through subject property. The time limitation was inserted so that the buyers could

in some future date sell the property free and clear of any cloud on the title.

There exists no legal or equitable reason why the buyers should recover the damages.

The order of the lower court is affirmed.