401 A.2d 753

**Burton JOHNS and Winona Johns, Appellants,**

**v.**

**Joseph A. CASTELLUCCI, Louise D. Castellucci, Anthony J. Cindrich, Stella D. Cindrich and Ronald A. Cindrich,**

**v.**

**Winston T. ROBERTS, an Individual, and Roberts and Dorn, a partnership, Additional Defendants.**

Superior Court of Pennsylvania.

Argued April 13, 1978.

Decided April 4, 1979.

592

Arthur J. Schwab, Pittsburgh, for appellants.

Richard G. Kotarba, Pittsburgh, and with him John R. Walters, Jr., Pittsburgh, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

This case arose as an action in trespass brought by the appellants against the appellees for damages which the appellants allege they sustained as a result of the conversion of coal under the land of the appellees. The appellees admit the taking of the coal but contend that they are its lawful owners. Appellees joined Winston T. Roberts and Roberts and Dorn as additional defendants on the basis of their certification to the appellees that they were acquiring good title to the coal at the time of the land purchase. Both groups of defendant-appellees filed motions for judgment on the pleadings. These motions were granted and this appeal followed.

The coal in dispute was mined from certain property located in Kennedy Township, Allegheny County which appellees acquired from Julian T. Beard by deed dated October 16, 1974. The deed conveyed the entire fee without any restrictions, limitations, reservations or exceptions as to the coal estate in the property.

However, the deed from the appellants to Beard dated May 24, 1940 contained an exception and reservation clause which provides the pivotal issue on this appeal. Predicated upon the following clause, appellants claim to own all of the coal of the Pittsburgh Vein underlying the property:

> EXCEPTING and RESERVING thereout and therefrom all the Pittsburgh Vein of coal and mining rights as conveyed by W. J. Bealles and wife to Howard R. Park, et al., by deed dated April 27, 1921 and recorded in the Recorder's Office of said Allegheny County, Pennsylvania in Deed Book Vol. 2028, page 569.

The deed of April 27, 1921 to which this clause refers is an earlier deed in the chain of title and runs from W. J. and Marcilla A. Bealles, (hereinafter, Bealles) to Howard R. Park, et al. The coal and mining rights as conveyed in the deed from Bealles to Park are set forth in that document as follows:

> All the coal of the Pittsburgh vein or seam underlying all that certain tract of land situated in Kennedy Township, Allegheny County, Pennsylvania, bounded and described as follows, to-wit: . . .
>
> TOGETHER with the right, *for a period of five years from the date of this deed* (unless all of said coal be sooner removed) to mine, dig and carry away all of said coal and, during the same period, with all the mining rights the privileges necessary and convenient to the mining and removal of the same and the drainage and ventilation of the mine . . . *The aforesaid mining rights and privileges shall cease and determine at the expiration of five years after the date of this deed,* or upon the removal of all of said coal if same be removed within said five year period. *The grantors reserve to themselves, their heirs*

*and assigns, all of said coal remaining unmined at the expiration of said five year period.* (Emphasis added).

When stripped of unnecessary language, the grant from Bealles to Park conveyed all the coal for a five-year period with subsequent ownership reserved to Bealles, and mining rights appropriate to removing the coal for a similar five-year period at the end of which period such rights would "cease and determine."

Park's ownership of the coal and mining rights were, in fact, terminated during the five-year period by a reconveyance to Bealles on October 24, 1924 of all their right, title and interest in whatever coal that may be remaining of the Pittsburgh Vein or seam underlying the described land. Having reacquired all right, title and interest to the property, including all coal and mining rights, Bealles then conveyed the property by deed to George Hall and wife. The Halls in turn conveyed the property to the appellants who in turn conveyed to Beard and Beard to the appellees.

A proper determination of this case turns upon the legal effect of the above quoted exception and reservation in the deed from the appellants to Beard. If the legal effect is to except and reserve to the appellants the estate in the coal without limit in time, then the appellees admittedly have converted for their own use appellants' property and would be subject to a judgment for damages. However, if that reservation by the appellants was for a five-year period, it expired in 1945 and Beard's conveyance to the appellees in 1974 included the right to the coal.

Appellants' initial contention is that this case should not have been decided on a motion for judgment on the pleadings. They contend that it should have been allowed to go to trial at which they would have offered evidence of subsequent deeds of adjoining tracts by appellants to third parties in which the same coal reservation was included by appellants and ownership of the coal conceded by these third parties to be in the appellants beyond the five-year period indicated in the reservation. This result was simply by agreement between appellants and these third parties at

various times subsequent to the deed before us. There was no litigation involved.

Such evidence was inadmissible in ruling on a motion for judgment on the pleadings. In such a ruling, only the pleadings and attachments thereto (in this case, deeds) can be considered: *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966); *Bogojavlensky v. Logan*, 181 Pa.Super. 312, 124 A.2d 412 (1956).

The appellants' evidence would have been equally inadmissible had the case gone to trial. Under settled rules of construction, evidence outside the pleadings and relating to circumstances subsequent to the deed cannot be admitted to color or vary the interpretation of the language of the deed. *Heidt v. Augenbaugh Coal Co.*, 406 Pa. 188, 191, 192, 176 A.2d 400 (1962); *Wilkes-Barre Township, School District v. Corgan*, 403 Pa. 383, 170 A.2d 97 (1961). It is well established that the nature and quantity of an interest conveyed must be ascertained from the deed itself and cannot be orally shown in the absence of fraud, accident or mistake: *Highland v. Commonwealth*, 400 Pa. 261, 283, 161 A.2d 390 (1960); *Kimmel v. Svonavec*, 369 Pa. 292, 295, 85 A.2d 146, 148 (1952). The court said in *Kimmel* :

" 'In absence of fraud, accident or mistake parole evidence is inadmissible to vary or limit the scope of a deed's express covenants and the nature and quantity of the interest conveyed must be ascertained by the instrument itself and can not be orally shown . . . Furthermore, in construing a deed . . . it is not what the parties may have intended by the language used but what is the meaning of the words.' "

This case was particularly appropriate for the entry of a judgment on the pleadings. There was no factual dispute before the lower court and the only matter for resolution was the construction and legal effect to be given to the coal reservation by the appellants. This was purely a question of law and under long-established principles was a matter for

determination by the Court: *Cox v. Fredley*, 33 Pa. 124 (1895); *Safe Deposit & Trust Company of Pittsburg v. Bovaird and Seyfang Mfg. Co.*, 229 Pa. 295, 78 A. 268 (1910). Had the court found the deed to be ambiguous, it would have been construed against the appellants because they were the grantors: *Heidt*, supra, 406 Pa. 188, 191–2, 176 A.2d 400.

If the deed from the appellants to Beard had merely stated:

"Excepting and reserving thereout and therefrom all the Pittsburgh vein of coal and mining rights . . ."

we would have concluded that appellants were excepting an estate in the coal from the property conveyed to Beard. However, the language of the reserving clause goes on to define that which was excepted and reserved by the grantors in the following language:

". . . as conveyed by W. J. Bealles and wife to Howard R. Park, et al., by deed dated April 27, 1921 . . ."

Therefore, to determine the scope of the exception and reservation by the appellants, we must examine the 1921 deed from Bealles. That conveyance, quoted supra, granted Park the right to remove and carry away the Pittsburgh vein of coal for a limited period of five (5) years, as well as mining rights incidental to the mining of the coal for a similar period. In unambiguous language, the Bealles deed provides that "the aforesaid mining rights and privileges shall cease and determine at the expiration of five (5) years after the date of this deed . . . ."

Thus we must interpret the deed from appellants to Beard as excepting and reserving to appellants the Pittsburgh vein of coal on exactly the same terms as it had been conveyed from Bealles to Park in 1921; namely, for a period of five (5) years. The appellants' deed to Beard was dated May 24, 1940, and the five-year reservation of coal and mining rights expired five (5) years later. Inasmuch as the five-year period in which the Pittsburgh vein of coal was excepted and

reserved to the appellants had expired in 1945, prior to the admitted removal of coal by the appellees in 1974, we conclude that the appellants no longer had a reserved interest in the coal and that as a consequence the original appellees-defendants were within their legal rights in removing it.

Affirmed.

SPAETH, J., filed a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge dissenting:

I think that judgment on pleadings was improper. The incorporation of the 1921 deed could have been intended to be a description of what was meant by the "Pittsburgh Vein" [describes metes and bounds] and not as imposing a 5 year limitation. In fact, it seems likely that this was the intent of the drafter of the 1940 deed, for if he had intended to impose a five year limit, he could have written it into the deed very easily.