472 A.2d 680

**Louis WYSINSKI, Jr., and Clara Wysinski, his wife,**

v.

**Samuel MAZZOTTA, and Grace Mazzotta, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 4, 1983.

Filed Feb. 10, 1984.

Reargument Denied April 3, 1984.

Mead S. Spurio, Philadelphia, for appellants.

Stephen C. Zivitz, Philadelphia, for appellees.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

This is an appeal from a final decree in equity which adjudicated the location of the boundary line between lands owned by Samuel and Grace Mazzotta, appellants, and Louis and Clara Wysinski, appellees, in the City of Philadelphia. Appellees are the owners of No. 456 Parker Avenue; appellants own 456A Parker Avenue. Both lots were formerly owned by Edward Parker as part of a larger tract. On July 11, 1888, he severed the lot which subsequently became known as 456 Parker Avenue and conveyed it to William McClennen. The description in the deed was as follows:

All that certain lot or piece of ground described according to a survey thereof made June 8th 1888 by C.A. Sundstrom, Esquire, Surveyor and Regulator of the Eighth Survey District of Philadelphia Situate on the northwesterly side of Parker Avenue fifty feet wide and *southwesterly side of a certain new street forty feet in width laid out and intended to be opened for Public use by the above named Edward C. Parker which said street leads into and from the said Parker Avenue at right angles thereto* at the distance of one hundred and ninety-seven feet southwesterly from the southwesterly side of Ridge Avenue sixty feet wide in Roxborough in the twenty-first ward of the City of Philadelphia aforesaid *containing in front or breadth on said Parker Avenue twenty feet and extending of that width in length or depth northwesterly between parallel lines at right angles to said Parker Avenue and along the said southwesterly side of said new street one hundred and twenty-five feet* Bounded northwesterly and southwesterly by other ground of said Edward C. Parker northeasterly by said new street and southeasterly by Parker Avenue aforesaid which lot is part of a certain larger lot which Charles J. Hendricks et ux et al by Indenture bearing date the Thirtieth day of March A.D. 1877 and Recorded at Philadelphia in Deed Book D.H.L. No. 78 page 355 & 6 granted and conveyed unto the said Edward C. Parker in fee Together with the free and common use right liberty and privilege of said forty foot wide street as and for a passage way and water course and Public highway at all time hereafter forever. (emphasis supplied).

Title to this tract ultimately became vested in appellees by deed dated July 23, 1975 and by a correction deed dated May 5, 1976 from Anna E. Sowden. These conveyances have continued to describe the line of the forty feet wide street as being at right angles to Parker Avenue.

The adjoining lot at 456A Parker was at one time a part of the bed of the private street known as Ulmer Street. It was purchased by appellants at tax sale as the property of

132

Edward Parker's heirs on March 18, 1974. Appellants contended in the trial court and also on appeal that parol evidence had demonstrated that the street line and hence appellees' property line lay at less than a right angle from the point where it intersected with Parker Avenue. Because of this, appellants contend, the lot of appellees narrows while their lot expands as the common boundary line extends inward from Parker Avenue. The trial court held that the original Parker deed description for lot 456, through which appellees traced their title, was neither ambiguous nor the result of mistake, and refused to permit it to be varied by appellants' parol evidence. We affirm.

■■■ In the absence of fraud, accident or mistake, the nature and quantity of the real estate interest conveyed must be ascertained from the deed itself and cannot be shown by parol. *Covert Appeal,* 409 Pa. 290, 295, 186 A.2d 20, 23 (1962); *Highland v. Commonwealth,* 400 Pa. 261, 283, 161 A.2d 390, 402 (1960), *cert. denied,* 364 U.S. 630, 81 S.Ct. 357, 5 L.Ed.2d 363 (1961); *Johns v. Castellucci,* 264 Pa.Super. 591, 596, 401 A.2d 753, 755 (1979). When the language of the deed is clear and free from ambiguity, the intent of the parties must be determined from the language of the deed. *Teacher v. Kijurna,* 365 Pa. 480, 486, 76 A.2d 197, 200 (1950); *Detwiler v. Coldren,* 311 Pa. 44, 49, 166 A. 374, 375 (1933); *South Connellsville Borough, Inc.,* 47 Pa.Super. 350, 365 (1911). With respect to unambiguous deeds, a court must ascertain what is the meaning of the words used, not what may have been intended by the parties as shown by parol. *Covert Appeal, supra* 409 Pa. at 295, 186 A.2d at 23; *Highland v. Commonwealth, supra,* 400 Pa. at 283, 161 A.2d at 402; *Kimmel v. Svonavec,* 369 Pa. 292, 295, 85 A.2d 146, 148 (1952); *Johns v. Castellucci, supra* 264 Pa.Super. at 596, 401 A.2d at 755. To permit a variation of a deed description which is complete and unambiguous on its face, there must be evidence of a mutual mistake which is clear, precise and convincing. *Central Transportation, Inc. v. Board of Assessment Appeals,* 490 Pa. 486, 494, 417 A.2d 144, 147–148 (1980); *In re*

*Estate of Kostelnik,* 471 Pa. 94, 99, 369 A.2d 1211, 1213 (1977). If there is mistake which is unilateral and not caused by fault of the other party, but due to the negligence of the one who acted under mistake, there is no basis for relief. *McFadden v. American Oil Co.,* 215 Pa.Super. 44, 53–54, 257 A.2d 283, 288 (1969).

In the instant case, the trial court found that the 1888 deed to 456 Parker Avenue had been based on a survey made in 1888, that the description had not been ambiguous, that both parties had understood what was being conveyed, and that there had been no mistake at the time the conveyance was made and delivered. The language of the deed had expressed clearly that the lateral boundary lines were parallel and at right angles to Parker Avenue. Similarly, the line of the forty feet wide street which constituted one of the lateral boundaries for the land conveyed was situated at right angles to Parker Avenue. This clearly defined boundary could not be altered by the course of the private street as it had been described in a deed for a separate lot to the rear of the lot conveyed in 1888 by Parker to McClennen. Similarly, it could not be altered by a survey made three years later in 1891. We agree with the trial court that this later survey was wholly inadequate, if not irrelevant, to show mistake in the description contained in the 1888 deed. Finally, the law is clear that where there is a conflict between boundaries described in deeds from the same grantor, the deed first executed has priority, and the grantee named therein has superior title. *Thompson v. Kauffelt,* 110 Pa. 209, 214, 1 A. 267, 268 (1885); *Murrer v. American Oil Co.,* 241 Pa.Super. 120, 124, 359 A.2d 817, 819 (1976); *Will v. Piper,* 184 Pa.Super. 313, 319, 134 A.2d 41, 44 (1957).

Appellants' argument that there is a latent ambiguity in the description for lot 456 that becomes apparent when the description is applied to the ground must fail. There can be no latent ambiguity where, as here, there was land owned by the grantor which satisfied the description contained in the deed of conveyance. In such cases, parol

evidence cannot vary the terms of the written instrument of conveyance. *Kimmel v. Svonavec, supra* 369 Pa. at 296, 85 A.2d at 148; *Harvey v. Vandegrift,* 89 Pa. 346, 352 (1879); *South Connellsville Borough, Inc., supra,* at 365.

We perceive no error in the trial court's conclusion that there was neither ambiguity nor error in the description of appellants' land. This description appeared constantly in deed after deed in the chain of title after the lot had initially been severed in 1888 from the larger tract then owned by Edward Parker. The location of the boundary lines for appellants' land must be determined according to that deed description; they cannot be varied by the parol evidence offered by appellants. It follows additionally that the trial court was correct when it found that appellees' sub-surface sewer line and side steps did not encroach upon appellants' land.

■ The deed from Edward Parker to William McClennen included an easement over the forty feet wide private street "for a passageway and water course ... at all times hereafter forever." This easement, although not recited in later deeds, continued to be used intermittently by the owners of 456 Parker Avenue. The trial court concluded correctly, as appellants now concede, that this easement had been created in perpetuity as an appurtenance to 456 Parker Avenue. Because it was an easement for the specific use of 456 Parker Avenue, it became an appurtenance thereto and did not require a subsequent writing or deed to support its continued existence. *Brady v. Yodanza,* 493 Pa. 186, 190, 425 A.2d 726, 728 (1981); *Paci v. Shipley,* 166 Pa.Super. 374, 377, 71 A.2d 844, 846 (1950); *Held v. McBride,* 3 Pa.Super. 155, 159 (1896); 21 Pa.C.S. § 3. Such an appurtenance passed by a conveyance of the estate. *Brady v. Yodanza, supra* 493 Pa. at 190, 425 A.2d at 728; *Paci v. Shipley, supra,* 166 Pa.Super. at 377, 71 A.2d at 846; *Held v. McBride, supra,* 3 Pa.Superior Ct. at 159.

■ An easement appurtenant cannot be terminated by mere non-user. *Brady v. Yodanza, supra* 493 Pa. at 189 n. 2, 425 A.2d at 727 n. 2; *Baptist Church In The Great Valley v. Urquhart,* 406 Pa. 620, 629, 178 A.2d 583, 588

(1962); *Sabados v. Kiraly,* 258 Pa.Super. 532, 535, 393 A.2d 486, 487 (1978).

"[T]o show an abandonment of [an] ... easement created by deed, the evidence must clearly show some conduct on the ground by the holder ... which manifests that he intended to abandon and give up permanently his right to use it. Such conduct must consist of some affirmative act on his part which renders use of the easement impossible, or of some physical obstruction of it by him in a manner that is inconsistent with its further enjoyment."

*Sabados v. Kiraly, supra,* 258 Pa.Superior Ct. at 535, 393 A.2d at 487. Accord: *Hatcher v. Chesner,* 422 Pa. 138, 221 A.2d 305 (1966) (emphasis omitted). The trial court found, and the evidence supports its finding, that the easement over 456A Parker Avenue had not been abandoned by appellees or by their predecessors in title.

Because appellees' lot enjoys an easement appurtenant thereto which exists over Lot 456A Parker Avenue, the trial court properly enjoined appellants' obstruction thereof.

Decree affirmed.