## In re Estate of Missonis

C.P. of Berks County, no. 73813.

*Paul R. Ober,* for petitioners Missonis and CoreStates Bank.

*Susan E. B. Frankowski,* for respondent Goforth.

*Karen H. Cook,* for respondent Paragon Abstract Company.

SCHMEHL, P.W., *J.,* November 24, 1998—This matter is before the court on a petition to reform deed or rescind sale of real estate. The petition was filed on behalf of Annemarie Missonis, an incapacitated person, by her guardians, Anne M. Missonis and CoreStates Bank (now First Union). The respondent is Marsha Goforth, the purchaser whose deed is in question. Counsel for Paragon Abstract Company, Ms. Goforth's title insurer, also entered an appearance.

On March 12, 1997, the co-guardians of the estate of Annemarie G. Missonis received court approval to sell the premises located at 1415 Old Wyomissing Boulevard, Reading, Pennsylvania. This sale was effected on March 21, 1997.

When Ms. Goforth learned that the property was for sale she contacted her realtor to set up an appointment to view the premises. She testified at trial that on her first visit to the premises she primarily viewed the interior of the house located thereon. She returned to the premises a second time during an open house. The agent on duty at the open house showed Ms. Goforth the approximate boundary by pointing out a birdbath. By his testimony, he also pointed out some bushes and two pins or pipes that served as boundary markers. Ms. Goforth denied receiving any indication of the boundary marker other than the birdbath being the approximate boundary. The agent testified that the birdbath was approximately two

feet beyond a concrete pad, while Ms. Goforth testified that the birdbath was an additional five feet beyond that indicated by the agent.[1] In either case, the birdbath was very close to the actual boundary.

The deed that was prepared and executed contained lot dimensions which inadvertently included approximately one-half of the adjoining lot.[2] Both the Old Wyomissing Road property and the adjoining lot were owned by the estate of Annemarie G. Missonis. There was no subdivision plan or subdivision approval which authorized conveyance of 1415 Old Wyomissing Road in the dimensions attempted.

There was testimony by the underwriting attorney for Paragon Abstract Company that had the 1990 subdivision plot plan and tax records been found, the deed to Ms. Goforth would have been changed accordingly before its execution.

Anne Missonis testified that there was no intent to convey any portion of the adjoining lot, which lot was also for sale. Ms. Goforth had no interest in, nor any intent to purchase, any portion of the adjoining lot, and apparently there was a separate prospective buyer interested in that lot. At some point in time after Ms. Goforth purchased the 1415 Old Wyomissing property, the pro-

---

1. This indication was made by markings on exhibit 1A.

2. In or around 1990 a portion of the 1415 Old Wyomissing Road property and a portion of an adjacent property were combined to create a lot between the two properties. The property description contained in the deed given to Ms. Goforth was the description of the 1415 Old Wyomissing Road property before this subdivision was created. The subdivision plot plan was recorded and the tax maps indicated that the newly created parcel and the down-sized 1415 Old Wyomissing Road property were separate lots and each had its own tax ID number.

spective buyer for the adjoining lot spoke with her. He indicated that he thought about building a home on the property. Ms. Goforth did not want another house so close to her and therefore discussed with Ms. Missonis the possibility of purchasing the adjoining lot. Ms. Missonis then discussed with her attorney the possibility of reversing the 1990 subdivision. Later, Ms. Goforth received her copy of the recorded deed and discovered that the deed covered a portion of the adjoining lot. She was no longer interested in purchasing the adjoining lot and claimed that portion of it conveyed to her under the deed by which she bought the 1415 Old Wyomissing Road property. Although Ms. Goforth testified that she read the deed before she signed it,[3] it was about this time that she learned of the error in the deed which purported to convey a portion of the adjoining lot.

"When the language of [a] deed is clear and free from ambiguity, the intent of the parties must be determined from the language of the deed." *Wysinski v. Mazzotta,* 325 Pa. Super. 128, 132, 472 A.2d 680, 683 (1984). In cases of fraud, accident or mistake, however, the nature and quantity of the real estate interest conveyed may be shown by parol. *Id.* at 132, 472 A.2d at 682-83. "To permit a variation of a deed description which is complete and unambiguous on its face, there must be evidence of a mutual mistake which is clear, precise and convincing." *Id.* at 132, 472 A.2d at 683. A mutual mistake is a "clear impression in the minds of the parties as to the existence of a material fact, sufficient in importance to influence and govern a man of ordinary intelligence, and on which both parties relied and acted, which fact did not exist." *Owens v. Township of Ross,* 114 P.L.J. 271

---

3. She later testified that she did not have time to read the deed.

(1966). "[C]ourts of equity have jurisdiction to reform deeds when mutual mistakes appear and the evidence is clear and positive, although the mistake is denied by one of the parties, and also in cases of unilateral mistake when it is made with the knowledge of the other party." *St. Mark's Evangelical Lutheran Church v. Briarcliff Realty Co.,* 197 Pa. Super. 118, 121, 177 A.2d 169, 171 (1962), citing *Rusciolelli v. Smith,* 195 Pa. Super. 562, 171 A.2d 802 (1961). "[T]he one seeking reformation on the ground of mutual mistake must establish in the clearest and most satisfactory manner that the alleged intentions to which he desires that the deed be made to conform continued concurrently in the minds of the parties down to the time of the execution of the deed." *Rusciolelli* at 566, 171 A.2d at 805. Furthermore, the mistake of a scrivener in preparing a deed may be established by parol evidence and the instrument reformed accordingly. *Duncan Trust,* 426 Pa. 283, 289, 232 A.2d 717, 720 (1967).

The court finds that there is clear and convincing evidence to support the existence of mistake in the instant real estate transaction; therefore, the real estate interest conveyed may be shown by parol evidence. This is a case of a scrivener's mistake which resulted in the instrument's conveying more land than was intended to be sold or bought. Each party was mistaken as to the content of the deed when they executed it. The petitioners intended to convey 1415 Old Wyomissing Road and not a portion of the adjoining lot. Ms. Goforth intended to purchase only 1415 Old Wyomissing Road and, at the time, had no interest in the adjoining lot. Only after receiving a copy of the recorded deed, and learning of the mistake for the first time, did Ms. Goforth claim any portion of that lot.

In preparing the deed, the scrivener mistakenly relied upon the property description in the deed to the property which was executed prior to the 1990 subdivision, which property description was no longer valid. Furthermore, it is clear to the court that the parties' understanding that only 1415 Old Wyomissing Road was being conveyed, and no portion of the adjoining lot, continued concurrently in both parties' minds down to the time of execution of the deed.[4] The petitioners mistakenly conveyed and Ms. Goforth mistakenly received more property than either intended. The parties shared the mutual mistake in believing that the deed conveyed only 1415 Old Wyomissing Road and no more. Even if the mistake is deemed to be unilateral, Ms. Goforth had constructive knowledge that more land was being conveyed by the deed than actually existed within the 1415 Old Wyomissing Road property as reflected in the 1990 deed, which deed was recorded. The recorded 1990 deed gave Ms. Goforth "good reason to know" of the mistake such that relief should be granted. See *Appel Media Inc. v. Clarion State College,* 15 Pa. Commw. 635, 327 A.2d 420 (1974). Furthermore, it would be unreasonable to conclude that the petitioners intended to sell half of the adjoining lot when to do so would ruin the possibility of selling that lot as a whole, particularly when there was an interested buyer, and when it would also make it difficult to sell the remaining half of the lot as an individual parcel.

Ms. Goforth's reliance on *Wysinski* (deed not reformed) in arguing that the lot dimensions should not be reformed

---

4. In fact, the intent to convey 1415 Old Wyomissing Road, as described in the 1990 deed, continued concurrently in the minds of the parties beyond the time of execution of the deed until Ms. Goforth received her copy of the recorded deed some weeks later.

because the deed is clear and unambiguous on its face is misplaced. *Wysinski* is quickly and easily distinguished by the fact that in that case the property description in the 1888 deed was derived directly from an 1888 survey and the court specifically found that the deed description was *not the result of mistake.* Furthermore, in *Wysinski,* the exact same description appeared in deed after deed in the chain of title whereas in this case the description has changed over the years.

It is also worthy to note that the deed, as written, creates an illegal subdivision in violation of the Municipalities Planning Code. 53 P.S. §10101 et seq. Subdivision plans must be submitted and approved before a property may be divided. 53 P.S. §10507; Subdivision and Land Development Ordinance of the City of Reading (Ord. 33-77) §1387.02(a). No subdivision plans for the lot adjoining 1415 Old Wyomissing Road were, or were intended to be, submitted to the appropriate governmental body. It would be unreasonable to conclude that the petitioners, in conveying the 1415 Old Wyomissing Road property intended to do an illegal subdivision and subject themselves to criminal penalties, only to have the municipality institute an action to have the subdivision rescinded anyway. See 53 P.S. §10617. It would also be unreasonable to conclude that the petitioners intended to reverse the 1990 subdivision in light of the discussion above on the salability of the adjoining lot. In addition,

"The principle of public policy is, that no court will lend its aid to a man who grounds his action upon an immoral or illegal act . . . [P]rinciples of public convenience demand that the justice of the case shall yield to higher considerations, the operation of the precedent on public morals and the public interest. It is for these reasons courts of justice will not assist an illegal transac-

tion in any respect." *Contractor Industries v. Zerr,* 241 Pa. Super. 92, 97, 359 A.2d 803, 805 (1976), quoting *Fowler v. Scully,* 72 Pa. 456, 467, 13 A. 699 (1872).

Because it is clear that there was a scrivener error and there was a mutual mistake as to conveying more land than was intended, the deed must be reformed to reflect the correct boundaries for the 1415 Old Wyomissing Road property.

For the foregoing reasons, the court enters the following decree nisi:

## DECREE NISI

And now, November 24, 1998, the deed recorded at record book volume 2821, page 244, Berks County Records is reformed to reflect the correct description of the real estate located at 1415 Old Wyomissing Road, Reading, Berks County, Pennsylvania as that property is shown in plan book 173, page 52 in the Berks County Recorder of Deeds Office. The description shall read as follows:

"All that certain tract of ground with improvements in the 18th ward of the City of Reading, being 1415 Old Wyomissing Road, being the 'Residue Parcel, Schaffer' of the Schaffer subdivision, by Ludgate Engineering Corporation, recorded in plan book 173 page 52 in the Berks County Recorder of Deeds Office; being further described as follows:

"Beginning at an iron pipe on the north east corner of Old Wyomissing Road and Ivy Lane; thence along the east side of Ivy Lane North 22 degrees 55 minutes 45 seconds east, 100 feet to a point; thence along lot 1 of said subdivision south 67 degrees 4 minutes 15 seconds east, 25 feet to a point; thence further along lot 1, North 82 degrees 20 minutes 25 seconds east, 16 feet to a point;

thence further along lot 1, South 67 degrees 20 minutes 15 seconds east, 61.04 feet to a point; thence along lands now or formerly of George J. Rubey and Helen Rubey, his wife, South 22 degrees, 39 minutes 45 seconds west, 107.96 feet to a point; thence along the north side of Old Wyomissing Road North 67 degrees 20 minutes 15 seconds west, 100.32 feet to the point of beginning.

"Containing in area 10,547 square feet by said plan.

"Being a portion of the same tract of land which John B. Levan conveyed by deed dated June 1, 1990 unto Annemarie G. Schaffer, recorded in Berks County deed book 2144 page 486."