# Post et al. *v.* Wilkes-Barre Connecting R. R. Co. (et al.), Appellants.

*Deeds—Boundaries—Monuments - in ground—Courses and distances—Call for river as boundary—Presumption.*

1. The rule that monuments on the ground are of the highest value in questions of boundary, cannot prevail where the monument claimed is so manifestly wrong as to lead to an absurd result, such as embracing the land of a third party.

2. Where the monuments are doubtful, resort will be had to the courses, distances and quantity.

3. Where there are two conflicting monuments, that will be taken which corresponds with the courses and distances.

4. Where a river has two branches, by reason of an island, a call to the river without more is presumed to be to the first branch, especially where that accords with the courses, distances and quantity.

5. Where in such case one of the branches has been practically filled in by reason of a dyke, such branch is not deprived of its status as a river, called as a boundary, although its flow is limited to occasions of high water.

6. Where a boundary in a deed follows essentially an old deed, the presumption is that the later deed intends to convey the same land.

*Trespass—Plaintiff's statement — Affidavit of defense — Admissions.*

7. In an action of trespass for excavations on land, where plaintiff's statement describes the land by metes, bounds and monuments, and the affidavit of defense does not deny the ownership, there is no admission of the ownership by plaintiff of the locus in quo where the affidavit asserts that the land described did not include the place of the excavation, and expressly denies that any trespass was committed on plaintiff's land.

*Rivers—Navigable rivers—Susquehanna River.*

8. The Susquehanna River is a navigable stream, the bed of which belongs to the Commonwealth of Pennsylvania.

Argued April 12, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

274 POST et al. *v.* WILKES-BARRE CON. R. R. CO., Aplnts.

Appeal, No. 48, Jan. T., 1926, by defendants, from judgment of C. P. Luzerne Co., Oct. T., 1916, No. 446, on verdict for plaintiff, in case of Edward H. Post et al. v. Wilkes-Barre Connecting Railroad Co. et al. Reversed.

Trespass for excavations on land. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,900 for damages and $2,058 for detention. Defendant railroad company appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Paul Bedford,* with him *Lewis E. Carr,* and *Walter C. Noyes,* for appellant.—The legal presumption is that the land is still a part of the bed of the river, until some legal proceeding shall have established the contrary,— and here there is nothing to rebut that presumption: Black v. American I. C. Co., 264 Pa. 260; Poor v. McClure, 77 Pa. 214, 221; Allegheny City v. Moorhead, 80 Pa. 118.

*W. A. Valentine,* for appellees.—The evidence presented by defendants failed to establish that the river channel had been filled by artificial means, which prevented plaintiffs from acquiring title thereto.

The case as presented by defendants bore no analogy to that of Black v. American I. C. Co., 264 Pa. 260.

Alluvium means addition to riparian land gradually and imperceptibly made through causes either natural or artificial by the water to which the land is contiguous: St. Clair County v. Lovingston, 23 Wallace 46.

OPINION BY MR. JUSTICE WALLING, May 3, 1926:

This appeal by defendant is from judgment entered on a verdict for plaintiffs, in an action of trespass for the removal of soil from land claimed by the latter. Judg-

ment should have been entered for the defendant n. o. v. The Susquehanna River, running in a northerly direction, passes between Wilkes-Barre and Edwardsville, the latter being on its easterly side. At this point Fish Island, a piece of tillable land, divided the river so there was an east and west channel. About 1882 the United States Government, to improve navigation, erected a dyke across the east channel, thus enlarging the flow of water in the west. In times of flood the water overflowed the dyke and ran down the east channel, carrying with it culm, soil and other debris, which, in the course of fifteen or twenty years, largely filled up that channel. In 1915, the defendant railroad company extended its railway, inter alia, across the east branch some distance below the dyke and in so doing purchased the island and, in constructing an embankment, excavated it and some surrounding soil. Plaintiffs owned a piece of land below the dyke on the east side of the river and brought this suit on the contention that such excavation had encroached upon their land, which land their statement of claim describes as follows: "Beginning at a corner of land of Mary A. Garney, thence by land of the heirs of E. B. Harvey, deceased, south fifty-two degrees, west about twenty-eight and 5/10 perches to the Susquehanna River, thence along the said river south twenty-two degrees, east thirty-eight and 5/10 perches, thence north fifty-two degrees east about forty and 9/10 perches, and thence by land of Mary A. Garney north thirty-eight degrees west thirty-seven and 8/10 perches to the place of beginning; containing about five (5) acres and twenty-five (25) perches." Plaintiffs' theory is that because their deed calls for the river as a boundary and because the branch thereof adjoining them has been filled, as above stated, their boundary extends to the west branch of the river, several hundred feet away and including part of the island, to which neither they nor their predecessors ever had any claim of title whatever, and giving them about three times the amount

of land called for in their deed. We fully recognize the general rule that monuments on the ground are of the highest value on questions of boundary; but that rule cannot prevail where the monument claimed is so manifestly wrong as to lead to an absurd result (Davis v. Rainsford, 17 Mass. 207; Heaton v. Hodges, 30 Am. Dec. (Me.) 731 and note 740; 4 R. C. L. 101, 102), as here, embracing the land of a third party. An alleged monument, which is a palpable mistake, will be disregarded: Brolaskey v. McClain, 61 Pa. 146, 164. See also Malone et al. v. Sallada et al., 48 Pa. 419. Where the monuments are doubtful, a resort will be had to the courses, distances and quantity. See White et al. v. Luning, 93 U. S. 514; Robinson v. Doss, 53 Texas 496; Western Mining, etc., Co. v. Peytona Cannel Coal Co., 8 W. Va. 406. Here there are two monuments, viz: the east and the west branches of the river and regarding the proofs it is manifest the former was intended. It meets the courses and distances, the amount of land called for and encroaches upon no one; therefore, it must be accepted as the true monument, while the west branch entirely fails to fit the description and cannot be accepted. The dyke did not deprive the east branch of its status as a river although limiting the flow therein to occasions of high water. See City of Allegheny v. Moorhead, 80 Pa. 118. Where a river has two branches a call thereto without more is presumed to be to the first branch, especially where that accords with the courses, distances and quantity. "Courses and distances may be used as guides by which to find natural objects, or to determine, in case of doubt, which of two or more natural objects is the one intended": 4 R. C. L. 101; 5 Cyc. 917, 918, 919. "Though known and fixed monuments control where they conflict with the courses and distances, yet where there are two conflicting monuments one of which corresponds with the courses and distances, that one should be taken, and the other rejected as surplusage": Zeibold v. Foster, 24 S. W. (Mo.) 155. See

also Whitehead v. Atchison et al., 37 S. W. (Mo.) 928. The description of the land in plaintiffs' statement is a transcript of the deed of 1908 to G. S. Post, which, with some variations not material here, corresponds to the deed of 1883 to his predecessor in title. All call for the river as a boundary and the deed of 1883 being practically contemporaneous with the erection of the dyke, must have referred to the then existing east branch, the bank of which is still there. As Post's grantor had no title to the island, he could convey none even if included in the deed; but, as it essentially follows the old deed, the presumption would be an intent to convey the same land.

The Susquehanna River is by statute a navigable stream (Act of March 9, 1771, 1 Smith's Laws 324; Act of March 31, 1785, 2 Smith's Laws 312; Act of February 19, 1801, 3 Smith's Laws 464), the bed of which belongs to the Commonwealth: Black et al. v. American I. C., 264 Pa. 260; Stover v. Jack, 60 Pa. 339. In Allegheny City v. Moorhead, supra, the title to the old channel was held to be in the Commonwealth. In the instant case the Commonwealth authorized the excavation.

Whether plaintiffs' suggestion of ownership by accretion is well founded, we need not decide, for no such claim is averred in their statement. Furthermore, if plaintiffs can hold the bed of the east branch by accretion so can the owners of Fish Island to an equal extent; each would prima facie own to the middle of the old channel and there being no evidence to show defendant excavated beyond that line, or, if it did, to what extent, plaintiffs' case fails.

There is no merit in the contention that the pleadings admit plaintiffs' ownership of the locus in quo. True, the affidavit of defense does not deny ownership of the five acres and twenty-five perches as described, but that, as above stated, does not include the place where the soil was taken, and there is an express denial that any trespass was committed or any soil taken from plaintiffs'

land. It is not necessary to consider the alleged trial errors.

The judgment is reversed and is here entered for the defendant non obstante veredicto.