### Howarth *v.* Miller, Appellant.

Argued April 27, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Abraham Wernick,* with him *Benjamin Jerome Shane* and *Hyman Shane,* for appellant.

*Raymond Jenkins,* with him *Jenkins, Bennett & Jenkins,* for appellees.

OPINION BY MR. JUSTICE BELL, June 27, 1955:

Plaintiffs filed a complaint to quiet title in which they sought an injunction to restrain defendants from maintaining an electric wire conduit on what they alleged was their building. Plaintiffs are the owners of premises known as 2409-2411 Federal Street, Philadelphia.

A number of years ago Richard J. McDevitt owned several lots on the north side of the 2400 block of Federal Street. In about 1913 he built on adjoining lots 2409 and 2411 a five story building. The front of this building is faced with red brick, which facing for the entire five stories extends 27 inches, or about 2 feet to the west of the dividing line between lot 2411 and the adjoining lot 2413, which contained a two story building. That the facing of 2409-11 projects beyond the party wall is clearly apparent from its position above the roof of the smaller building. The facing on the first two stories, if examined solely from the outside, could be considered from the outside as the front wall of either building; if the inside of the buildings are examined it is clear that the pilaster and the conduit are on and part of the defendants' building. McDevitt testified that the projecting facing which extends on to 2413 Federal Street was erected "just to beautify the [2409-2411] building."

In 1951 the defendants purchased from McDevitt the three lots including the aforesaid buildings and in the same year sold to the plaintiffs the lots known as 2409-2411 Federal Street with the buildings and improvements erected thereon.

In June of 1953 the defendants erected on their building a conduit through the wall which is (a) a

physical part of their property, and (b) is approximately 17 inches on their side of the party wall, and (c) is west of the plaintiffs' lot and of the main part of plaintiffs' building. Naturally, when the conduit reached the outside of the front wall, it emerged through the red brick extension which appeared to be the front face of plaintiffs' building.

Defendants contend that the deed to the plaintiffs was specific in terms and in the metes, bounds and dimensions of the property which they conveyed to the plaintiffs, and consequently plaintiffs may not now claim ownership of the two feet (27 inches) of front wall which extends beyond the boundary line of their property. If those were all the facts, plaintiffs' claim would be devoid of merit. But plaintiffs point out that the deed included the buildings and improvements on the described lot, and contend that the extended facing is part of their building and all of it now belongs to them.

There is, as above noted, a building erected on plaintiffs' lot and a building on defendants' lot, and these buildings have a common party wall. An ambiguity obviously exists and consequently we must strive to ascertain the intention of the parties at the time of the conveyance.

". . . Ordinarily, when there is a conflict between courses and distances or quantity of land on the one hand and natural or artificial monuments on the ground on the other hand, it is well settled that the monuments prevail: Over v. Lindsay, 255 Pa. 283, 99 A. 805; Morse v. Rollins, 121 Pa. 537, 15 A. 645; Miller v. Cramer & Cure, 190 Pa. 315, 42 A. 690; Donaldson v. Fellabaum, 68 Pa. Superior Ct. 347.": *Albert v. Schenley Auto Sales, Inc.,* 375 Pa. 512, 516-517, 100 A. 2d 605. Moreover, ". . . where a written agreement is ambiguous parol evidence is admissible to clarify the

ambiguity and to show the intention of the parties:
Albert v. Schenley Auto Sales, Inc., 375 Pa. 512, 515,
100 A. 2d 605; Waldman v. Shoemaker, 367 Pa. 587,
591, 80 A. 2d 776": *Brennan v. Shore Bros., Inc.,* 380
Pa. 283, 288, 110 A. 2d 401.

We believe that both the plaintiffs and the Court
below have proceeded on an erroneous impression as
to the (27 inch) extension being an essential part of
the building conveyed to plaintiffs. The only two fac-
tors which could possibly lead to that conclusion are
(1) that the extension was built at the time of the
erection of the five story building, and (2) that it was
built of the same facing material *in order to beautify
the five story building.* On the other hand, the uncon-
tradicted testimony of the defendants' architect and
engineer clearly shows that the pilaster through and
on which the conduit was erected was necessary for
the support of the front wall of defendants' building,
and if it were removed it would cause a collapse of
the front wall of defendants' building.

Counsel for plaintiffs stated during the testimony,
"I will agree, without having this testimony, that it
is necessary for the support of certain portions of de-
fendants' building." Defendants' witnesses further
clearly proved that the pilaster does not help support
plaintiffs' building and if it were removed it would
not endanger plaintiffs' building but would merely de-
face the design of plaintiffs' red brick building. Under
these facts and in the light of the metes and bounds
set forth in the deed to plaintiffs, it is inconceivable
that the defendants ever intended to convey so funda-
mental a part of their structure.

The facts in this case are so unusual that they do
not fall squarely within any of the established prin-
ciples of law as to metes and bounds on the one hand
and monuments on the other hand. Moreover, although

monuments are very important in determining questions of boundary, "[w]here the monuments are doubtful, resort will be had to the courses, distances and quantity": *Post v. Wilkes-Barre Connecting R.R. Co.,* 286 Pa. 273, 133 A. 377. At best for the plaintiffs, it is certainly doubtful whether the extension was an integral part of their building, and consequently the courses and distances appearing in the deed must govern the extent of their property.

Because the facts were not clearly or sufficiently described to the trial Judge, the finding of fact and the inferences and conclusions which the trial Judge drew from the evidence cannot be sustained. In *Peters v. Machikas,* 378 Pa. 52, 56, 105 A. 2d 708, we said: "Findings of fact made by a Chancellor who saw and heard the witnesses, when confirmed by the Court en banc, will not be reversed on appeal if they are supported by adequate evidence: Pregrad v. Pregrad, 367 Pa. 177, 80 A. 2d 58; Barrett v. Heiner, 367 Pa. 510, 80 A. 2d 729. However, that well-settled principle is confined to findings which are true and genuine findings of fact. 'With respect to [a] inferences and deductions from facts and [b] conclusions of law, both the Court en banc and the appellate Courts have the power to draw their own inferences and make their own deductions and conclusions: Barrett v. Heiner, 367 Pa. 510, 80 A. 2d 729; Noonan Estate, 361 Pa. 26, 63 A. 2d 80; Payne v. Winters, 366 Pa. 299, 77 A. 2d 407; Smith v. Smith, 364 Pa. 1, 70 A. 2d 630.': Kalyvas v. Kalyvas, 371 Pa. 371, 375- 376, 89 A. 2d 819."

We hold that under the deeds and the evidence in this case the defendants had a right to erect the conduit in the part of the building in which they did and that plaintiffs' complaint to quiet title must be dismissed.

The order and judgment is reversed; each party to pay their own costs.