Carnock, Appellant, *v.* Filer.

Argued March 18, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Milton D. Rosenberg,* with him *Bloom, Bloom and Yard,* for appellant.

*George B. Stegenga,* with him *John H. Davidson,* and *Davidson & Fergus,* for appellees.

Opinion by Mr. Justice Bell, May 2, 1958:

Plaintiff brought a bill for an accounting, claiming that he made an oral agreement on May 4, 1948 to purchase for $40,000 a one-quarter interest (1) in a partnership with the defendants in certain equipment of the S. & F. Equipment Company, and (2) in the strip mining operation which they (allegedly) conducted in West Virginia, and (3) in the deep mine operation which they (allegedly) conducted. Defendants denied that plaintiff was a partner, and the Filers testified that plaintiff merely purchased a one-quarter interest in the equipment owned by the Equipment Company.* The Filers also testified that plaintiff had been paid in full for everything owed him.

The testimony was conflicting and the record voluminous. The questions involved were made more difficult (a) because H. C. Sims, with whom plaintiff claimed he made the oral agreement sued on, had suffered four heart attacks and was prohibited by the doctor from testifying, and (b) because of the very wide range covered by the testimony, much of which seemed irrelevant and tended to confuse the issues.

The Chancellor who saw and heard the witnesses made, inter alia, the following pertinent findings of fact:

---

* The Filers also testified that August S. Carnock and August Carnock, Jr. made an agreement with them on May 28, 1949, to purchase their remaining respective undivided one-fourth interests in the mining equipment and certain real estate for $17,000,—payable $7,000 in cash, $1,000 to be deposited in a West Virginia bank, and a note for $9,000 to be payable in monthly instalments of $500. The Filers further testified that $7,000 cash had been paid to them, but that the deposit of $1,000 was never made and that the Carnocks defaulted in their payments on their $9,000 note. Carnock admitted this agreement of 1949 and attempted to justify his default. This 1949 contract is not before our Court for a decision in this appeal.

470

"5. On May 4, 1948, August S. Carnock, the plaintiff, agreed to pay to H. C. Sims, the sum of $40,000 for an undivided one-fourth (¼) interest in the equipment, parts, trucks, etc., owned by the S. & F. Equipment Company, as is shown in the Bill of Sale (Exhibit C.).

"6. On May 4, 1948, H. C. Sims agreed that in return for the sum of $40,000, the plaintiff, August S. Carnock, would receive a one-fourth (¼) interest in the S. & F. Equipment Company.

"7. On May 4, 1948, H. C. Sims, one of the defendants, signed a Bill of Sale form selling to August S. Carnock, the plaintiff, an undivided one-fourth (¼) interest in the equipment, etc., set forth in 'the schedule to the within Bill of Sale and marked Exhibit C'. On the back of the Bill of Sale there appears in the last paragraph of 'the schedule to the within Bill of Sale', the following: 'This Bill of Sale being for the purpose of causing the said August S. Carnock, to become an owner of an undivided one-fourth (¼) interest in the above with Arthur F. Filer, Howard L. Filer and the said H. C. Sims, owners of the remaining three-fourth (¾) interest.'

"8. The plaintiff, August S. Carnock, was to receive as a result of an oral agreement between himself and H. C. Sims, one of the defendants, and ratified by Arthur F. Filer and Howard L. Filer, the other two defendants, a one-fourth (¼) interest *in all the rentals*\* which would accrue from the use of the equipment owned by the plaintiff and the defendants, and itemized in the Bill of Sale of May 4, 1948, and used in the strip mining operation or the deep mining operation at Opekiska, West Virginia.

---

\* Italics throughout, ours.

"9. The plaintiff, August S. Carnock, did not, by any agreement written or oral, acquire a one-fourth (¼) interest in a partnership strip mining operation.

"10. The plaintiff, August S. Carnock, did not, by any agreement, oral or written, acquire a one-fourth (¼) interest in a partnership deep mining operation.

"11. The plaintiff, August S. Carnock, is not a partner with H. C. Sims, Arthur F. Filer and Howard L. Filer, the defendants, in the strip mining operation or the deep mining operation at Opekiska, West Virginia, and therefore, is not entitled to an accounting from the defendants as to the business conducted by the defendants in the strip or deep mining of coal referred to above.

"12. It was agreed to by the plaintiff and the defendants that each would receive the sum of $500 per month as wages or salary out of the money received from the rentals which would accrue from the use of the equipment owned by the plaintiff and the defendants in the strip and deep mining operations conducted at Opekiska, West Virginia, in addition to a share of the rentals from the use of the equipment for the strip and deep mining operations."

The coal mining operation was conducted by the Sims Lumber & Coal Corporation, which rented part of its equipment from the plaintiff and defendants. All coal was sold by the corporation and all labor, etc., paid by it.

The Chancellor also found (a) that plaintiff, who did a considerable amount of work for the Sims Lumber and Coal Corporation, did not receive all the wages which should have been paid him, and (b) that plaintiff did not receive all the credits (because his share of rentals was not paid in full) which should have been given him on the note for $15,000 which plaintiff

owed Sims as aforesaid. The Chancellor concluded that plaintiff was not entitled to any accounting, and whatever money was due him should be recovered in an action of assumpsit.

Genuine findings of fact made by a Chancellor who saw and heard the witnesses, when confirmed by the Court en banc, will not be reversed on appeal if they are supported by adequate evidence: *DeJoseph v. Zambelli,* 392 Pa. 24, 139 A. 2d 644; *Howarth v. Miller,* 382 Pa. 419, 115 A. 2d 222; *Peters v. Machikas,* 378 Pa. 52, 56, 105 A. 2d 708.

However, it is well settled that "with respect to inferences and deductions from facts and conclusions of law, both the Court en banc and the appellate Courts have the power to draw their own inferences and make their own deductions and conclusions: Barrett v. Heiner, 367 Pa. 510, 80 A. 2d 729; Noonan Estate, 361 Pa. 26, 63 A. 2d 80; Payne v. Winters, 366 Pa. 299, 77 A. 2d 407; Smith v. Smith, 364 Pa. 1, 70 A. 2d 630": *Kalyvas v. Kalyvas,* 371 Pa. 371, 375, 89 A. 2d 819.

A partnership is an association of two or more persons to carry on as co-owners a business for profit: Uniform Partnership Act, March 26, 1915, P.L. 18, §6. It would serve no useful purpose for us to attempt to analyze and review the voluminous conflicting testimony in this case. It will suffice to say that we believe that the findings of fact and conclusions made by the Chancellor and confirmed by the Court en banc, to wit, that plaintiff did not purchase and did not by any agreement, oral or written, acquire a one-quarter interest in a partnership with the defendants in a strip mining or deep mining operation, are supported by adequate evidence. However, with respect to a partnership in the equipment of the S. & F. Equipment Company, we believe the evidence was sufficient to

establish a partnership interest therein, and that the conclusion of the lower Court to the contrary cannot be sustained. It follows that the plaintiff is entitled to an accounting of such a partnership.

The case is remanded to the court below for such further proceedings as it deems proper, consistent with this opinion. Costs shall be equally divided.

