438 A.2d 989

## PETER J. SCHMITT CO., INC., Appellant,

v.

## MASON'S STORES, INC., M. H. Fishman Co., Inc., and Tenth Street Building Corporation of Erie, Inc.

Superior Court of Pennsylvania.

Argued May 20, 1981.

Filed Dec. 18, 1981.

Petition for Allowance of Appeal Denied March 31, 1982.

---

Jonathon Alberstadt, Erie, for appellant.

Donald E. Wright, Erie, for appellees.

Before MONTGOMERY, HOFFMAN and VAN der VOORT, JJ.

MONTGOMERY, Judge:

This appeal is from an order of the lower court denying the Plaintiff-Appellant's petition for a preliminary injunction as well as a request for a declaratory judgment. The controversy involved the Appellant's efforts to overcome restrictive covenants set forth in certain lease agreements.

The property involved in this dispute is a shopping plaza, located on the southwest corner of the intersection of West Twelfth Street and Pittsburgh Avenue in Millcreek Township, Erie County, owned by the Appellee Tenth Street

Building Corporation of Erie, Inc. (hereinafter referred to as "Tenth Street").[1]  Tenth Street is the lessor in two leasing agreements containing the restrictive covenants which are challenged in this action.  The property was initially leased by Tenth Street to Mason's Stores, Inc. (hereinafter referred to as "Mason's"), for the purpose of the operation of a general retail store selling discount merchandise to the public.  The original lease between Mason's and Tenth Street was entered into on January 12, 1959.  Simultaneously, the Appellee M. H. Fishman Co., Inc. (hereinafter referred to as "Fishman") entered into a written agreement with Tenth Street which guaranteed performance of all of the terms of the lease by Mason's, which at all times material to this dispute has been a subsidiary of Fishman.

Subsequently, by agreement dated June 12, 1972, Mason's re-leased part of the shopping plaza property back to its landlord, Tenth Street, for the purpose of allowing Tenth Street to erect a food store and a fabric store.  Subsequently, Tenth Street leased the food store premises to Loblaw, Inc., (hereinafter referred to as "Loblaw"), which is not a party to this action.  The Tenth Street-Loblaw lease, dated September 7, 1972, was effective for a term of twenty years, commencing January 1, 1973, and contained the following relevant provisions:

ARTICLE V.

Lessee shall have the right to assign or transfer this Lease or to sublet the whole or any part of the demised premises for the whole or any part of the term hereof;  provided, however, that it shall remain liable for the rental to be paid hereunder in the event of such assignment or transfer or subletting.

ARTICLE VI.

6.1  The Lessee may use the store-room forming part of the demised premises for any lawful purposes so long as such is not in direct competition with the existing tenants of premises shown on "Exhibit C".

1.  Tenth Street has not filed a brief, appeared for oral argument, or taken any other active role in this appeal.

"Exhibit C", referred to an "Article VI" quoted above, was attached to the lease, and indicated that Mason's was the only existing tenant of the premises.

Before the expiration of its lease term, Loblaw vacated the premises, and assigned it rights therein to the Appellant, Peter J. Schmitt Co., Inc. (hereinafter referred to as "Schmitt"). On February 9, 1978, Schmitt and Tenth Street executed an Addendum to the September 7, 1972 Lease Agreement between Tenth Street and Loblaw, which Addendum allowed Schmitt to make modifications to the former Loblaw building as necessary to permit Schmitt to sublet the premises. Particularly significant to the instant dispute is the provision in the Addendum which stated:

"... That said sublessee's and/or assignees' use shall not conflict with the uses of existing tenants of Lessor, or be in violation with the lease conditions agreed upon between the landlord and existing tenants."

Mason's continued to be an "existing tenant" of the shopping center at the time the Addendum was agreed to by Schmitt and Tenth Street.

On some date thereafter, Schmitt agreed with a corporation known as Brand Name Products, Inc., (hereinafter referred to as "Brand Name"), to sublease the vacated Loblaw building. Brand Name intended to open a catalog warehouse store. The testimony offered by a witness before the lower court indicated that Brand Name would sell many products such as appliances, sporting goods, and furniture, which were within the retail product line of goods sold by Mason's. Mason's and Tenth Street objected to Schmitt's plan to sublet the premises to Brand Name.

Schmitt filed the instant action for declaratory judgment and its petition for preliminary injunction in the lower court, seeking to have the court prohibit all of the Appellees from interfering with the subletting of the premises to Brand Name. More particularly, the Plaintiff-Appellant sought an injunction restraining Mason's and Fishman from interference with the proposed sublease to Brand Name, a declaration that the proposed sublease did not violate the terms of

Schmitt's lease with Tenth Street, and a declaration that the clause prohibiting subleasing for a use in direct competition with existing tenants was illegal and unenforcible. As noted earlier, the lower court denied all such requests.

On this appeal, the Appellant contends that the restrictive covenants set forth in the leasing agreements, referred to above, result in an unreasonable restraint of trade as they prohibit the Appellant from subletting space in the shopping center premises to a broad section of retail businesses. It is argued that the Court of Common Pleas erred by refusing to grant declaratory relief holding that the covenants in question were invalid. The Appellant further maintains that the lower court completely failed to reach the two issues of: (1) whether the covenants were illegal and unenforcible because they were in restraint of trade[2]; and (2) whether the proposed sublease to Brand Name would violate the covenants, even assuming they were not illegal and void.[3] The latter argument is not specifically renewed before our Court.

We have examined the opinion of the lower court and are constrained to agree with the Appellant's contention that these two significant issues were never reached by the lower court. In its opinion, after setting forth the relevant factual background, the lower court stated: "The dispositive issue to be resolved in this controversy is whether Mason's and Fishman are third party beneficiaries to the contract of lease (sic) between Tenth Street and Schmitt and between Tenth Street and Loblaw (Schmitt's predecessor)." The court went on to analyze the issue of whether or not Mason's and Fishman were third party beneficiaries of the lease clauses in question, and concluded that the two Appellees

**2.** In that regard the Appellant alleged in its Complaint that the restrictive covenants were violative of 15 U.S.C. § 1.

**3.** On this appeal, the Appellant has not argued that the proposed sublease would not violate the restrictive covenants. Rather, it contends that this Court should construe such contract clauses to hold that as a matter of law, they have only a limited scope, permitting a sublease despite the fact that the proposed subtenant may sell some of the same products as are sold by Mason's. It is not clear whether such contentions were raised in the lower court.

were in such a status. Finally, the court declared that the intent of the restrictive provisions was to protect Mason's from direct competition inside the shopping center, and denied the Appellant's requests for relief.

It is evident that we must remand this case to the lower court for an analysis of the specific issues raised, and potentially for making specific findings of fact based upon all of the evidence presented. It would not be appropriate for our Court to resolve such issues for the first time on an appeal, when they were clearly raised before the lower court. Further, it would clearly be improper for us to make findings of fact upon testimony and other evidence which was presented to the lower court.

The lower court must first address the question of whether the restrictive covenants are void and unenforcible because they violate the federal law cited by the Appellant. Coincidentally, the court must address the question of whether that federal law is applicable in the instant dispute. If the lower court finds that the clauses are void and unenforcible, it would appear that at least some aspects of the Appellant's requests for relief are meritorious. On the other hand, if the lower court's analysis of such questions is not favorable to the Appellant, and it is concluded that the covenants are not illegal and unenforcible, the court must next address the issue of whether the proposed sublease to Brand Name would operate as a violation of these contract provisions. Such an analysis will necessarily involve the determination of whether the evidence presented at trial demonstrated that Brand Name's tenancy would result in "direct competition with" or would "conflict with the uses of" Mason's [4]. If the lower court determines that the proposed sublease would not violate the covenants, it must then address the question of what type or types of relief, including damages, it may grant.[5] Finally, it should be clear that

4. Of course, the language quoted is taken from the two restrictive covenants, which are set forth earlier in this Opinion.

5. It does not appear from the record before our Court that any of the Appellees raised procedural claims contesting the right of the Appel-

our remand may not be construed to imply that we believe relief should have been granted to the Plaintiff-Appellant in this case. The remand is ordered merely to allow the lower court to pass upon the issues and evidence which it has not heretofore addressed.

The order of the lower court is vacated and this case is remanded to the lower court for further proceedings consistent with this Opinion. Jurisdiction is not retained.

lant to any of the types of relief sought. The Appellees defended on the substantive basis that the clauses were not unlawful or otherwise unenforcible.