448 A.2d 601

Gerald B. ALDERFER, Appellant,

v.

Thomas A. PENDERGRAFT and Cynthia S. Pendergraft.

Superior Court of Pennsylvania.

Submitted Feb. 3, 1982.

Filed July 23, 1982.

212

---

Marc D. Jonas, Lansdale, for appellant.

Thomas A. Pendergraft, appellee, in pro. per.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

ROWLEY, Judge:

This is an appeal from an order denying the relief requested by appellant in a petition for a hearing to frame a final decree in equity pursuant to Pa.R.C.P. 1511(b).

On November 21, 1980, appellant filed a complaint in equity against Thomas A. Pendergraft and his wife, Cynthia, appellees, for reformation of a judgment note executed by only Thomas Pendergraft. The note was executed on August 18, 1978 and judgment was confessed on the note on September 14, 1978. The note was given to secure a $2,000.00 loan appellant made to the Pendergrafts in connection with their purchase of real estate. Appellant averred in his complaint that it was agreed among the parties that Mrs. Pendergraft was also to sign the note, but the appellees "willingly, knowingly, and maliciously failed" to do so. Appellant requested the trial court to order that the original note be cancelled and direct both appellees to execute a new note containing the same terms.

The Pendergrafts failed to file either preliminary objections or an answer to the complaint. As a result, appellant caused a default judgment to be entered against appellees on January 21, 1981, after notice to appellees, pursuant to Pa.R.C.P. 1511(a).[1]

On February 3, 1981, appellant, pursuant to Pa.R.C.P. 1511(b),[2] petitioned the trial court for a hearing to frame "an appropriate Final Decree". In the petition, however, appellant averred that he was "entitled to a decree reforming . . . the judgment" entered by confession against Mr. Pendergraft and also to reasonable counsel fees and costs. A hearing date was set by the court and the Pendergrafts were notified of the time and place for the hearing. Appellees failed to appear either in person or by counsel.

At the hearing, the trial judge directed appellant's counsel to make a "judgment search" against the Pendergrafts. The search turned up a $2,000.00 judgment entered against

1. Pa.R.C.P 1511(a) provides: "The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend. In all other cases of default or admission the judgment shall be entered by the court".

2. Pa.R.C.P. 1511(b) provides: "In all cases, the court shall enter an appropriate final decree upon the judgment of default or admission and may take testimony to assist in its adjudication".

appellees on December 5, 1978, in favor of the Pennsylvania Department of Transportation.

After receiving the results of the judgment search, the trial court entered an order denying "[appellant's] petition in the nature of a request for the award of counsel fees" and for the "reformation of the Judgment". Appellant filed this appeal.[3] The trial court, in its opinion filed pursuant to Pa.R.A.P. 1925(a), stated that relief was denied because the rights of an innocent third party, in this case the Department of Transportation, had intervened and would be prejudiced by reforming the judgment effective September 14, 1978.[4] The trial court gave no reason for its denial of appellant's request for counsel fees and costs.

In essence, appellant argues that reformation of the judgment is appropriate under the facts set forth in his complaint and the trial court should have reformed the judgment as requested or, at the very least, reformed it but made it junior in lien to the Department of Transportation's judgment.

■ The proceeding to frame an appropriate final decree in equity following the entry of a default judgment is equitable in nature. It is governed by principles of equity and is addressed to the sound discretion of the trial court. The scope of our review on appeal is to determine whether or not the trial court made an error of law or committed a clear abuse of its discretion.

■ Our review of the record in this case compels us to the conclusion that an error of law was committed and that the case must be remanded to the trial court for further proceedings. Compare *Schmitt Co. v. Mason's Stores, Inc.,* 293 Pa.Super. 270, 438 A.2d 989 (1981) and *Gravely v. Gaffney,* 63 Pa.Cmwlth. 112, 437 A.2d 1041 (1981). It

**3.** The Pendergrafts have not filed a brief or appeared at oral argument.

**4.** There is no indication in the record that the Department of Transportation ever received notice of any of the proceedings in this case or that it sought permission to intervene to protect its rights as a judgment creditor.

appears quite clearly that the trial court considered *only* appellant's request to amend the judgment by adding the appellee-wife's name as a judgment debtor effective as of the date that the judgment was entered against appellee-husband. That relief was properly denied because of the intervening rights of the Pennsylvania Department of Transportation. However, the record is equally clear that the trial court failed to consider any alternative forms of relief. In fact, as the record now stands, appellant still has a default judgment in the equity proceeding against both defendants but *no* relief outlined by way of a final decree.

▇▇▇ In a proceeding under Pa.R.C.P. 1511(b) to consider an appropriate final decree where judgment has been entered by default, the "default judgment does not admit the sufficiency of the pleading in law to sustain a judgment, nor does it admit that the facts as stated constitute a cause of action." If the record shows on its face that the judgment entered by default is baseless the court should strike it off. *Commonwealth, Dept. of Environmental Res. v. Allias*, 20 Pa.Comwlth. 222, 341 A.2d 226 (1976). In *Allias* the trial court, at a hearing scheduled to take testimony for the purpose of framing a final decree following entry of a default judgment, concluded that the complaint failed to state a cause of action. The trial court then filed a decree nisi opening the judgment and dismissed the complaint. A panel of the Commonwealth Court, in an opinion by Judge Mencer, held that the proper order where the trial court determines that there is no cause of action pled is to strike the judgment that has been entered rather than to open it. The decree opening the judgment was reversed and the case was remanded to the trial court for a further hearing to either frame a final decree or strike the judgment.

▇▇▇ In the case before us, however, we have concluded, after reviewing the record, that the complaint does state a cause of action over which the trial court had jurisdiction. Therefore, the court should have considered whether some alternative form of relief was available that could appropriately be granted under the circumstances. Courts of equity

have the power to reform written instruments where there is an error in or an omission from the writing as a result of fraud, accident or mutual mistake. *Kutsenkow v. Kutsenkow*, 414 Pa. 610, 202 A.2d 68 (1964) [reformation of the description in a deed]. Additionally, if the mistake is unilateral but the other party knows of the mistake, the party with such knowledge is estopped from relying on the mistake and relief is warranted as fully as in the case of a mutual mistake. *Line Lexington Lumber and Millwork Co. Inc. v. Pa. Publishing Corp.*, 451 Pa. 154, 301 A.2d 684 (1973) [reformation of insurance contracts by adding the name of an additional insured]. In *Line* the court said:

"... if the party against whom reformation is sought has such knowledge of a mistake as to justify an inference of fraud or bad faith, relief would be justified." [451 Pa. at 159, 301 A.2d at 687]

"Moreover, if the non-mistaken party knows what the other party actually intended, the instrument will be reformed to conform to that intention". *Id.*, 451 Pa. at 160, 301 A.2d at 687–88.

The complaint filed by appellant avers that Mr. and Mrs. Pendergraft, the appellees, were to be jointly liable for repayment of the money borrowed from appellant. It is further averred that the wife-appellee agreed to sign the note and that her failure to do so was willing, knowing, and malicious. These allegations establish that the parties intended to create an obligation between the appellant and both of the appellees. There is no indication that the reformation of the note would in any way prejudice the appellees. In order to protect the intervening rights of the Pennsylvania Department of Transportation, the lien of the judgment, if reformed, may be made effective from a date subsequent to the entry of the judgment held by the Department of Transportation thereby maintaining its priority. In *Gump's Appeal*, 65 Pa. 476 (1870) the court, in an opinion by Mr. Justice Agnew, affirmed a decision of the trial court which reformed a note by inserting a provision for interest which had been omitted by mistake and also enforcing the

judgment that had been entered on the note by requiring the payment of the interest that had been omitted.

The Court of Appeals of Maryland in *Aetna Indemnity Co. v. Baltimore S.P. & C. Railway Co.*, 117 Md. 523, 84 A. 166 (1912) reformed a surety bond from which the principal obligor's signature had been omitted by mistake. In directing that the obligor's bond be reformed by adding the principal, the court said:

> ". . . it would be a confession of a very limited power to do justice, if a court of equity would have to admit that it could not require the bond to be put in the shape that it was intended and believed to be by all the parties. . . ." [84 A. at 167]

In this case, there are appropriate remedies available to appellant which should be considered by the trial court. Finally, in drafting an appropriate final decree the court may consider appellant's request for counsel fees in addition to costs.

Order reversed and case remanded. Jurisdiction is relinquished.