## Steese v. Bettleyon

*E. Eugene Brosius*, for plaintiff.
*Roger V. Wiest*, for defendant.

KREHEL, *P.J.*, June 8, 1984—This case concerns a dispute over the title to a small strip of land, approximately two feet in width and sixty-five and one-half feet in length, which is between a row of trees planted long ago and an old wire fence.

The complaint was filed on April 13, 1984. On

that day a preliminary injunction was issued by this court enjoining defendant from removing any fenceposts, from installing any additional fenceposts or from removing or damaging any trees. Plaintiff posted a bond of $1,000 and a hearing was set for April 13, 1984 to determine whether the injunction should continue. Defendant failed to appear at the April 17 hearing and the injunction was ordered continued until the final hearing date on June 6, 1984.

On the day of the hearing both parties testified and presented witnesses in their behalf. Subsequent to the completion of the hearing, this court made an on-site inspection. After careful consideration of the record, the inspection, and the arguments of counsel, this court finds the following:

## I. FINDINGS OF FACTS

1. Plaintiff Betty Steese was and is residing at 440 Kremer Avenue, Sunbury, Northumberland County, Pa., since July of 1955, the property being described as having a frontage of 30 feet on Kremer Avenue and extending to that width in depth 65 and one-half feet.

2. From the time that plaintiff began residing at 440 Kremer Avenue in 1955, the owner of the property was John Dunkin, by a deed dated August 11, 1955 and recorded on August 24, 1955.

3. Plaintiff resided at 440 Kremer Avenue with John Dunkin; her name does not appear on, nor are there any references to her in the 1955 deed.

4. In July of 1965, John Dunkin and June Dunkin, his wife, conveyed 440 Kremer Avenue to plaintiff, as a single woman, by a deed dated July 13, 1965, and recorded on August 13, 1965.

5. The description of the property in the 1965 deed to plaintiff was identical to the description in the 1955 deed to Dunkin.

6. Richard L. Bettleyon, defendant, was and is the owner of an adjoining tract of land, situated approximately southwest of plaintiff's parcel, by a deed dated January 18, 1980, and recorded on May 1, 1984.

7. Separating the properties are an old wire fence, placed there sometime before the grant to Dunkin.

8. Approximately two feet to the north of the fence stands a row of trees, also planted there sometime before the grant to Dunkin.

9. By a survey conducted by Robert B. Kline, a professional surveyor and an expert witness for defendant at trial, the boundary between the two properties was established as a line running through the center of the row of trees, which is approximately two feet from the fence, on plaintiff's side.

10. The survey conducted by Kline corresponded to an earlier survey conducted by the City of Sunbury.

11. Plaintiff had periodically cut the grass, planted some perennial flowers and had pulled some weeds in the space between the trees and the fence since she began residing at 400 Kremer Avenue in 1955.

## II. DISCUSSION

Plaintiff claims that she has adversely possessed the two-foot tract between the fence and the trees for the requisite 21-year statutory period. 68 P.S. §81. Therefore she claims that she has title thereto and prays that defendant be enjoined from ever asserting title to the land.

The law of adverse possession is well-established and clear. One claiming adverse possession must have actually possessed the disputed parcel. See Conneaut Lake Park, Inc. v. Klingensmith, 362 Pa. 592, 594-5, 66 A.2d 828, 829 (1949).

Here, plaintiff claims that John Dunkin, her predecessor in title made an adverse entry onto the disputed tract when he acquired the property in 1955, but the deed to plaintiff in 1965 makes no mention of the tract in question here, nor is it included in the description of the property in the 1965 deed.

It is the rule in Pennsylvania that if the grantor had a claim of adverse possession to a certain tract of land, and a subsequent deed to a grantee specifically excludes that tract, then the grantee will not be said to be in privity with the grantor as to that tract and will be precluded from asserting a continuing claim of adverse possession over it. Ruschak v. McCune, 55 Wash. Co. 84 (1975). See also, Post et al. v. Wilkes-Barre R.R. Co. (et al.) 286 Pa. 273, 133 Atl. 377 (1926).

Since the 1965 deed to plaintiff did not include the tract in question, plaintiff cannot tack on any claim of adverse possession that her grantor, Dunkin, had to the disputed tract. Plaintiff has been the owner of record of 440 Kremer Avenue only since 1965, a length of time that does not satisfy the statute of limitations.

The period between 1955 and 1965 must be considered as "occupancy," not as "ownership." Plaintiff Steese claimed "common-law wife" status with John Dunkin, yet she was the "single woman" grantee in the deed of 1965 from John Dunkin and June Dunkin, "his wife."

In addition, there was no evidence presented at trial that plaintiff was in fact the common law wife

of John Dunkin. This court believes that the language of the 1965 deed is conclusive. Plaintiff was a "single woman" and further was not referred to as Dunkin's common-law wife. This court cannot stamp its imprimatur on the alleged bigamous status of John Dunkin between 1955 and 1965. Any claim of adverse possession, therefore, must fail for the period prior to plaintiff Steese's ownership in 1965.

It cannot be said, therefore, that plaintiff actually possessed the disputed tract for the requisite 21 years. Assuming, arguendo, that plaintiff has done the necessary acts to constitute adverse possession since her ownership in 1965, the fact that she was not the owner or co-owner of record before that period, and the tract was not included in the 1965 deed from Dunkin, she has no claim of adverse possession before 1965. Any claim on her part then does not satisfy the statutory period.

For this court to recognize the fence line or to fix it as the legal boundary of plaintiff's southern deed line, we would be modifying the City of Sunbury's earlier survey which established the ten-foot alley along plaintiff's eastern deed line, as well as plotted defendant's residence lot east of the said ten-foot alley and the lot he purchased in 1980, west of this said ten-foot alley.

Defendant's 1983 undisputed survey conforms with the City of Sunbury's earlier survey, and clearly defined the southern deed line of plaintiff Steese as running through the "tree line," not the "fence line." We adhere, therefore, to survey lines and deed recitals of distances, rather than the image of the fence and grander view of the four tall trees, old sentinels, unmentioned living symbols.

We, therefore, grant the prayer of defendant dismissing plaintiff's complaint and enter the following

## ORDER

And now, this June 8, 1984, it is hereby ordered that the boundary between plaintiff's and defendant's lots be as reflected by the survey of Robert Kline, professional surveyor, dated October 5, 1983, said boundary running through the center of the row of trees and that plaintiff, her heirs and assigns, be perpetually enjoined and restrained from setting up any title to the disputed tract and from impeaching, denying or in any way attacking defendant's title thereto.