496 A.2d 828

**George L. WELLS**

v.

**ALEXIS GOLDEN TRIANGLE, INC. t/a Alexis.**

**Appeal of LINCOLN BANK.**

Superior Court of Pennsylvania.

Submitted March 27, 1985.

Filed Aug. 2, 1985.

Jerome L. Markovitz, Philadelphia, for appellant.

Richard M. Imperatore, Philadelphia, for appellee.

Before SPAETH, President Judge, and JOHNSON and SHOYER *, JJ.

JOHNSON, Judge:

In this writ of execution action Lincoln Bank (Bank) appeals from the order of the trial court dismissing Bank's objections to the sheriff's Schedule of Proposed Distribution of the Proceeds of Sale and ordering distribution of the proceeds in accordance with the Schedule. Bank argues that, as a creditor with a perfected security interest in the property subject to sale, it should have priority over holders of subsequent, unsecured judgments.

We first note that if the facts are as Bank asserts, then Bank's argument is meritorious. However, while Bank raised this issue below, the court did not make specific findings of fact regarding the asserted date of filing of appellant's security interest. Accordingly, we must remand for further proceedings.

This execution action arose following a confession of judgment in assumpsit in the amount of $3,664.57 by one George L. Wells, Inc. against defendant Alexis Golden Triangle, Inc., t/a Alexis [hereinafter Alexis]. Wells then proceeded to praecipe for a writ of execution on its judgment, whereupon the sheriff seized property used by Alexis

---

* Judge SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

in its restaurant business and sold it for $4,400.70. The debts of Alexis, however, exceeded the amount recovered and many of the creditors listed on the sheriff's schedule were to receive nothing from the sale.

Lincoln Bank filed exceptions to this schedule, as per Pa.R.C.P. 3136(d), asserting that as a secured creditor, its claim should be given priority over all other creditors. Included among these creditors was Alexis' landlord, Queen Village Partnership, which made a claim for past due rent. The hearing judge, in her opinion on Bank's exceptions to the schedule, made findings of fact and conclusions of law regarding only the priority of the landlord's claim for rent over Bank's claim. *See generally* 68 P.S. § 321. However, in dismissing Bank's objections, the court made no express ruling as to Bank's position vis-a-vis the remaining creditors.

In *Klingner v. Pocono International Raceway, Inc.*, 289 Pa.Super. 484, 488, 433 A.2d 1357, 1360 (1981), we held "[u]nder Pennsylvania law at the time that the levy occurred, a perfected secured creditor had unquestionable priority to the secured collateral over any judgment creditors who executed after perfection of his security interest. Uniform Commercial Code, 12A P.S. § 9–301(1)(b)." The levy in *Klingner* occurred in 1978. At that time, § 9–301(1)(b) read:

(1) except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of

. . . . .

(b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected....[1]

The levy in the instant case occurred in 1976 and so arguably section 9–301(1) would apply. However, a ruling cannot be made on this matter without findings of fact and

1. The section was amended in 1982 to delete the requirement that the lien creditor act "without knowledge" of the unperfected security interest. This section now reads:

conclusions of law by the trial court as to the date on which Bank perfected its security interest and the dates on which the remaining creditors acquired their liens. As we said in a procedurally comparable case,

It is evident that we must remand this case to the lower court for an analysis of the specific issues raised, and potentially for making specific findings of fact based upon all of the evidence presented. It would not be appropriate for our Court to resolve such issues for the first time on an appeal, when they were clearly raised before the lower court. Further, it would clearly be improper for us to make findings of fact upon testimony and other evidence which was presented to the lower court.

*Peter J. Schmitt Co. v. Mason's Stores, Inc.*, 293 Pa.Super. 270, 275, 438 A.2d 989, 991 (1981).

Accordingly, the order of the lower court is vacated and this case is remanded for further proceedings. Jurisdiction is not retained by this Court.

**(a) General rule.**—Except as otherwise provided in subsection (b), an unperfected security interest is subordinate to the rights of:

. . . . .

(2) a person who becomes a lien creditor before the security interest is perfected;