540 A.2d 307

**Clarence J. YOHO and Jean B. Yoho,**

**v.**

**Gerald C. STACK and Joan L. Stack.**

**Appeal of Gerald C. STACK.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1988.

Filed April 7, 1988.

78

William J. Kubiak, Bradford, for appellants.

Daniel J. Hartle, Assistant District Attorney, Smethport, for appellees.

Before BROSKY, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal from the Order entering final judgment in which it was determined that Appellees had established title to certain property, the ownership of which was disputed by the parties. Likewise, the Order stated that Appellant and his wife had failed to demonstrate ownership of the property by adverse possession.

The record shows that Appellees filed an action for declaratory judgment against Appellant and his wife alleging that they were the owners of a strip of land separating the

parties' properties.[1] The parties own adjoining rectangularly shaped farms. Appellees' is to the north of Appellant's. The two farms are divided by a boundary running from east to west. The location of this boundary line was the subject of the landowners' dispute.

Following a nonjury trial, the Chancellor filed a decree nisi. Therein, the Chancellor adopted Appellees' survey of the boundary line between the properties. In addition, it was decided that Appellant and his wife had not presented the necessary evidence to establish adverse possession of the strip of land in question. Post-trial motions were filed and later denied. This timely appeal follows.

Appellant raises three issues in this appeal:

1. Did the Trial Court err in accepting the survey of Plaintiffs [Appellees] Yoho over the survey of Defendants [Appellant] Stack;

2. Did the Trial Court err in accepting expert testimony from an unlicensed surveyor; and,

3. Did the Trial Court err in finding that Defendants [Appellant] Stack did not present sufficient evidence to establish title to the disputed property by adverse possession?

We affirm.

Appellant first contends that the Chancellor erred in adopting Appellees' survey which set the boundary between the two properties approximately 12 feet south of a treefence line which Appellant's survey identified as the boundary. We begin our analysis of this issue by noting that our appellate scope of review in equity matters in narrowly limited. A chancellor's findings of fact are binding on appeal if supported by substantial evidence. Nevertheless, we may appropriately review a chancellor's determinations for errors of law or abuse of discretion. *Alderfer v. Pendergraft*, 302 Pa.Super. 210, 448 A.2d 601, 603 (1982).

During trial, Mr. Jon App, a licensed surveyor responsible for Appellees' survey of the properties testified. Mr. App

1. Appellant's wife, Joan L. Stack, is not a party to this appeal.

stated that he based his survey on a subdivision plan, referred to as the "Kingsbury map". Both parties' properties were originally a part of the Kingsbury plan. Mr. App noted that, by virtue of the fact that Appellees' land was the first parcel of land to be sold from the subdivision, the description of this property had "senior" status over those sections of the land subsequently sold.[2] Mr. App likewise utilized past surveys of the property which helped in designating what he felt were the proper four corners of his clients' property.

On cross-examination, Mr. App was questioned why he did not take the tree-fence line into consideration while conducting the survey. Mr. App explained that, while the line was informative, he "ran 350 some acres to find out why it wasn't important (N.T., 39)." The witness elaborated by stating that none of the deeds he had examined designated the tree-fence line as Appellees' southern boundary. Furthermore, the tree-fence line was inconsistent with the conclusions he had reached after reconstructing the "Kingsbury map" plot lines. Mr. App commented that, under normal circumstances, he uses an established tree line or established fence line in drawing a boundary line. However, in cases such as the instant, monuments would be ignored if overwhelming physical evidence discrediting them existed (N.T., 40).

Mr. Manley Ackerman testified concerning a survey that he performed for Appellant and his wife. Contrary to Mr. App's survey, Mr. Ackerman established the boundary line between the two properties as the tree-fence line. When asked why he preferred to use the tree-fence line over deed descriptions, the witness replied that Pennsylvania law provides that "the lines you find in the field, old fence and tree line[s] shall be accepted number one and that they take priority over everything else (N.T., 63)."

2. The doctrine of senior rights provides that "where there is a conflict between boundaries described in deeds from the same grantor, the deed first executed has priority, and the grantee named therein has superior title." *Wysinski v. Mazzotta,* 325 Pa.Super. 128, 472 A.2d 680, 683 (1984).

82

■ Upon review of the testimony of the surveyors, we find that the Chancellor's decision to adopt Appellees' proffered boundary line was supported by credible evidence. Thus, we find no abuse of discretion. Appellees' surveyor, Mr. App, testified that his description of the boundary lines was based on his reconstruction of the original subdivision plan from which the parties' properties were sold. Likewise, Mr. App relied upon other deed descriptions to support his conclusions. By comparison, however, Mr. Ackerman's opinion that the tree-fence line was the correct boundary was based solely on the fact that it existed.

■ It is true, as Mr. Ackerman indicated, that where there exists a conflict between courses and distances or quantity of land, on the one hand, and natural or artificial monuments, on the other hand, the monuments will ordinarily prevail. However, Pennsylvania law likewise provides that "[w]here the monuments are doubtful, resort will be had to the courses, distances, and quantity." *Howarth v. Miller*, 382 Pa. 419, 115 A.2d 222, 224 (1955), *quoting Post v. Wilkes–Barre Connecting R. Co.*, 286 Pa. 273, 133 A. 377, 378 (1926). In the case before us, the significance of the tree-fence line is at best questionable when we consider the fact that none of the deeds which Mr. Ackerman considered while performing his survey identifies this monument as a boundary line. Before a physical monument is accepted as a boundary line, there must be evidence other than its mere existence that the monument was intended for that purpose. We are aware of Appellant's contentions that testimony was given by certain witnesses indicating that the tree-fence line was established by the parties' predecessors in title as a boundary between the two properties. However, we are of the opinion that such testimony was relevant to the adverse possession question, not the issue of which survey should be accepted by the Chancellor. Accordingly, we find that the Chancellor acted properly in adopting Appellees' survey.

Second, Appellant claims that the Chancellor erred in permitting the testimony of Mr. Howard Witchen, an unli-

censed surveyor. Appellant argues that Mr. Witchen did not possess the necessary qualifications which would enable him to offer an opinion as to the location of the disputed boundary line. The record demonstrates that Mr. Witchen was called to testify to the effect that he had been hired by the parties at one time to determine the boundary between the properties. Mr. Witchen also testified that his survey of the property lines was consistent with Mr. App's insofar as he, too, rejected the tree-fence line as a viable boundary.

 A chancellor's determination of an expert witness' qualifications will not be disturbed absent an abuse of discretion. The Pennsylvania standard of qualification for an expert witness is liberal. A witness will be qualified as an expert if he or she has any reasonable pretension to specialized knowledge on the subject under investigation. The standard does not mandate, however, that the witness need possess all the knowledge in his or her special field of activity in order to qualify. *Tyus v. Resta*, 328 Pa.Super. 11, 476 A.2d 427, 435 (1984). Mr. Witchen testified that he had been employed by Pennzoil Company for fifteen years, during which time his responsibilities included survey and layout work. The witness was also employed intermittently by a licensed surveyor for ten years. Mr. Witchen testified that from these work experiences there were many occasions in which he interpreted deeds, deed book references, and related surveying materials. With respect to formal education, Mr. Witchen enrolled in correspondence classes to strengthen his surveying skills (N.T., 46–59). After reviewing the trial transcript, we find that the Chancellor did not commit an abuse of discretion in permitting Mr. Witchen to testify.

 Finally, Appellant urges that the Chancellor erred in concluding that sufficient evidence to establish title to the disputed property by adverse possession was not presented at trial. It is well settled that a party asserting title by adverse possession must prove it affirmatively. A person claiming title by adverse possession must prove actual, continuous, visible, notorious, distinct, and hostile posses-

sion of the land for 21 years. In order for title to be conferred, each of these elements must exist. *Klos v. Molenda*, 355 Pa.Super. 399, 513 A.2d 490, 492 (1986).

In his "Memorandum and Order", the Chancellor found that Appellant failed to carry the burden of proof on the issue of adverse possession:

> [t]here was no credible evidence who built the fence, when it was built, and why it was located where it is. There was no evidence that it was a consentable boundary or that it has been accepted as the boundary by the parties or their predecessors in title, or that the erection and maintenance of the fence was hostile and adverse.

(Memorandum and Order, 3). The Chancellor's findings of fact are binding on appeal if supported by substantial evidence. Nevertheless, we may appropriately review the Chancellor's determinations for errors of law or abuse of discretion. *Alderfer v. Pendergraft, supra*, at 448 A.2d at 603. We have conducted an independent examination of the testimony concerning Appellant's adverse possession claim and agree with the Chancellor's determination that the necessary elements were not proven. The testimony introduced by Appellant and his wife with respect to their predecessor in title's use of Appellees' land for grazing purposes was confusing, at best. Under these circumstances, we shall not disturb the Chancellor's factual findings.

Order affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I concur. "[A] monument, in order to be favored in law over a mentioned course or distance for the purpose of construing an ambiguous description, must ... be a physical thing on the ground and *must be mentioned in the deed*." 5 P.L.E., Boundaries § 9 (emphasis added). See also: *Matthews v. Bagnik*, 157 Pa.Super. 115, 118, 41 A.2d 875, 877 (1945). The tree-fence line upon which appellant's surveyor relied is not identified as a monument in the deed descriptions. Therefore, it is not entitled to the controlling

effect which appellant's surveyor gave to it. The trial court did not err when it accepted appellees' survey in preference to appellant's survey.

I agree with and join the majority's determinations that the trial court did not err in its receipt of or reliance upon the testimony of an unlicensed surveyor. I also agree that there is no basis on which this reviewing court can properly reverse the trial court's determination that appellants failed to prove title by adverse possession.